## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY P. GAUDREAU,<br>2615 18TH AVENUE WEST<br>WILLISTON, NORTH DAKOTA 58801 | ) ) ) ) | |
| and | ) ) ) | |
| TNT FIREWORKS, INC.<br>HC 58 BOX 16<br>BAINVILLE, MONTANA 59212 | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case: 1:07-cv-01122<br>Assigned To : Huvelle, Ellen S**JURY**<br>Assign. Date : 6/22/2007  **ACTION**<br>Description: General Civil |
| vs. | ) ) | |
| AMERICAN PROMOTIONAL EVENTS, INC.,<br>4511 HELTON DRIVE<br>FLORENCE, ALABAMA 35631 | ) ) ) | JURY TRIAL DEMANDED |
| and | ) ) ) | |
| Does 1-10, | ) ) | |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiff, Mr. Terry P. Gaudreau ("Gaudreau") and TNT Fireworks, Inc., an Montana

corporation (collectively the "Plaintiffs"), by and through their undersigned counsel and for their

Complaint against defendants, American Promotional Events, Inc. ("APE"), and Does 1-10

(collectively the "Defendants") hereby alleges as follows:

1

## JURISDICTION, PARTIES AND VENUE

1.      This action is to prevent registration of a federal trademark application and trademark infringement under various provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. 1071(b), trademark infringement under various provisions of Montana Law, MT. Code Ann. § 33-13 et seq., and common law infringement under North Dakota law.  This Court has subject matter jurisdiction over the federal claims in this action pursuant to, at least, 15 U.S.C. § 1071(b) and 28 U.S.C. §§ 1331 and 1338.

2.      Plaintiff Gaudreau is an individual residing at 2615 18th Avenue West, Williston, North Dakota 58801.

3.      Plaintiff TNT Fireworks, Inc. is a corporation of Montana with its principal place of business at HC 58 Box 16, Bainville, Montana 59212.  Gaudreau is the President of TNT Fireworks, Inc.

4.      Upon information and belief, defendant APE is a corporation of Alabama with its principal place of business at 4511 Helton Drive, Florence, Alabama 35631.

5.      Upon information and belief, defendants Does 1-5 are individuals who are currently doing, or have done, business with APE in connection with the sale and/or distribution of fireworks.  The precise identities of Does 1-5 are presently unknown to the Plaintiffs.

6.      Upon information and belief, defendants Does 6-10 are business entities that are currently doing, or have done, business with APE in connection with the sale and/or distribution of fireworks.  The precise identities of Does 6-10 are presently unknown to the Plaintiffs.

7.      This Court has jurisdiction over Defendants.  Venue is proper in this judicial district under 15 U.S.C. § 1071(b)(4) and 28 U.S.C. § 1391(b) and (c).

2

## BACKGROUND FACTS

8.     Gaudreau began selling consumer fireworks in North Dakota and Montana under the trademark "TNT FIREWORKS" at least as early as 1985 and has continuously used his "TNT FIREWORKS" trademark ever since (the "Gaudreau Mark"). Gaudreau has and now sells fireworks in more various locations throughout the United States, including North Dakota and Montana under the Gaudreau Mark.

9.     In or about October 2006, TNT Fireworks, Inc. filed and received a Montana trademark registration for the mark "TNT FIREWORKS" & Design (the "Gaudreau Montana Registration"), that received ID number T024967. Gaudreau is the beneficiary user of the Gaudreau Montana Registration. A copy of the registration is attached as Exhibit A.

10.     The Plaintiffs firework sales each year are in the hundred of thousands of dollars.

11.     Gaudreau has also sold commercial fireworks under a variation of the Gaudreau Mark throughout the United States, including North Dakota, Montana, Wyoming, Wisconsin, South Dakota and Minnesota..

12.     Gaudreau has begun to use the "TNT" trademark on other goods and services in North Dakota, such as speedways and trailers.

13.     Starting at least as early as 1988, Gaudreau, using the mark "TNT FIREWORKS," began using American Importers of Kansas as one of his suppliers for fireworks.

14.     Upon information and belief, American Importers of Kansas was a division of APE during the time Gaudreau purchased fireworks from them.

15.     Starting at least as early as 1995, Gaudreau began using APE as one of his suppliers for fireworks. The invoices provided by APE to Gaudreau identified Gaudreau's

3

business as "TNT Fireworks."

16.     In or about 1980 Gaudreau entered into a partnership with Mr. Ronald Knutson for the sale of fireworks under the mark "TNT DISCOUNT FIREWORKS." In or about 1981 Gaudreau and Knutson changed their mark to "TNT FIREWORKS CITY."

17.     In or about 1984 the partnership between Gaudreau and Knutson dissolved. Knutson then began to use the mark "TNT FIREWORKS CITY" in parts of the country and Gaudreau used the Gaudreau Mark throughout the United States.

18.     Upon information and belief, in or about 2003 Knutson told APE or led APE to believe that he owned the Gaudreau Mark and conveyed the Gaudreau Mark and its goodwill to APE.

19.     Upon information and belief, Knutson is believed to be John Doe 1. Further discovery is required to confirm this belief.

20.     On July 17, 2000, APE filed an intent to use application with the United States Patent and Trademark Office ("USPTO") for the mark "TNT FIREWORKS, INC." for distributorship services for fireworks in International Class 35. APE's application received Serial No. 76/090,310.

21.     As part of its application APE signed a declaration stating it "believes the applicant to be entitled to use such mark in commerce; to the best of [its] knowledge and belief no other person, firm, corporations, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

4

22.    On February 15, 2002, Gaudreau, TNT Fireworks, Inc., Knutson, and TNT

Fireworks, Inc., a North Dakota corporation formed by Knutson, filed a Notice of Opposition

against Serial No. 76/090,310 (the "Opposition") with the USPTO Trademark Trial and Appeal

Board ("TTAB"). On March 23, 2004, Knutson and his North Dakota corporation were

dismissed from the Opposition by the TTAB. On February 15, 2007, the TTAB struck the

Plaintiffs' testimony and its accompanying exhibits, based on insufficient notice, and dismissed

the opposition with prejudice. The Plaintiffs' request for reconsideration of the TTAB's order

was denied on April 23, 2007.

23.    As of the date of this filing, APE has not filed a statement of use of the mark in its

Serial No. 76/090,310.

24.    In or about 2003 the Defendants began offering consumers fireworks for sale in

areas of North Dakota and Montana using at least the mark "TNT FIREWORKS," an exact

replica of or virtually identical to the Gaudreau Mark (the "Infringing Mark").

25.    The Defendants' locations selling fireworks under the Infringing Mark have also

used the exact same or similar signage, posters, advertisements, and other materials, as used by

Gaudreau in his sale of fireworks under the Gaudreau Mark.

26.    The Defendants' actions have resulted in confusion among consumers of

fireworks in North Dakota and Montana, who have long been familiar with the Gaudreau Mark

and goods and services.

27.    Upon information and belief, consumers in North Dakota and Montana purchasing fireworks being sold under the Infringing Mark by the Defendants have had to pay more than if they would have purchased the fireworks being sold under the Gaudreau Mark or Gaudreau Montana Registration by the Plaintiffs.

28.    As a result of the Defendants' wrongful conduct, the Plaintiffs have been damaged.

29.    The Plaintiffs have invested a significant amount of time and money into advertising and developing the Gaudreau Mark and Gaudreau Montana Registration over the course of many years.

30.    The Plaintiffs have consistently been using the Gaudreau Mark in connection with their sale of fireworks from at least 1985 to the present, and the Gaudreau Montana Registration from at least 2006 to the present.

31.    The Plaintiffs have spent considerable sums of money in establishing the fame and reputation of the Gaudreau Mark and Gaudreau Montana Registration as indicators to customers of the source of the Plaintiffs' high-quality products and services that appeal to fireworks enthusiasts as well as casual consumers of fireworks.

32.    For many years prior to the acts complained of herein, those in the fireworks industry, as well as consumers throughout the United States and the public in general, have come to recognize that the Gaudreau Mark and Gaudreau Montana Registration identify a single particular source, which is the Plaintiffs, and that the Gaudreau Mark and Gaudreau Montana Registration designate products and services originating from the Plaintiffs.

33.    The Defendants are using at least the name and trademark "TNT FIREWORKS"

6

to sell the same types of products sold by the Plaintiffs and offer the same types of services as the Plaintiffs.

34.     The Defendants are knowingly and intentionally using the Infringing Mark in an effort to confuse the public into believing that the products and services offered by the Defendants under the Infringing Mark are the same as those offered by the Plaintiffs or are actually the Plaintiffs' products or services.

35.     The Defendants began using that Infringing Mark with full knowledge of the Plaintiffs ownership and/or beneficiary use of the Gaudreau Mark and Gaudreau Montana Registration and with the intention of trading upon the extensive fame and goodwill of the Gaudreau Mark and Gaudreau Montana Registration established by the Plaintiffs.

36.     The Defendants continue to use the Infringing Mark without the Plaintiffs' permission and with full knowledge of the Plaintiffs' ownership and/or beneficiary use of the Gaudreau Mark and Gaudreau Montana Registration.

37.     Upon information and belief and as evidenced by the material distributed by the Defendants, the Defendants are using the Infringing Mark to promote confusion with the Gaudreau Mark and Gaudreau Montana Registration, all inuring to the Defendants' unearned benefit and to the detriment of the Plaintiffs.

38.     Use of the Infringing Mark for the Defendants' brand and source identifier is likely to cause confusion, mistake, or deception as to the source or origin of the Defendants' products and services, in that the public is likely to believe that the Defendants' products and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some way legitimately connected with the Plaintiffs or indeed are the Plaintiffs' goods and services, all to

7

the Plaintiffs' irreparable harm. This use infringes upon the intellectual property rights of the Plaintiffs.

39.    The Gaudreau Mark and the Infringing Mark used by the Defendants are identical or virtually identical and convey the same or substantially the same commercial impression.

40.    The Gaudreau Montana Registration and the Infringing Mark used by the Defendants are identical or virtually identical and convey the same or substantially the same commercial impression.

41.    The types of goods and services offered under the Gaudreau Mark are identical to those offered by the Defendants under the Infringing Mark, and there is a real and immediate danger that consumers will mistakenly believe that the Defendants' goods and services are associated with the Plaintiffs' goods and services, solely because of the name used by the Defendants.

42.    Upon information and belief, the Defendants adopted the Infringing Mark in a deliberate effort to confuse consumers and trade on the name, goodwill, and reputation of the Plaintiffs.

43.    Because of a likelihood of confusion as to the source of the Defendants' products or services by the Defendants' use of the Infringing Mark, the Plaintiffs' goodwill in the Gaudreau Mark and Gaudreau Montana Registration has been damaged.

44.    Upon information and belief, the Defendants' infringing and violative conduct was undertaken intentionally, wilfully, and with wanton disregard of the Plaintiffs' rights in the Gaudreau Mark and Gaudreau Montana Registration.

45.    By using a confusingly similar name and trademark, the Defendants are subjecting

8

the reputation and goodwill of the Gaudreau Mark and Gaudreau Montana Registration to irreparable injury and harm by reason of the acts of the Defendants.

46.    As a direct and proximate result of the Defendants' actions, the Plaintiffs have suffered irreparable harm. The Plaintiffs have no adequate remedy at law. The Plaintiffs will continue to suffer irreparable harm and the Defendants shall be unjustly enriched unless enjoined by the Court.

## COUNT I
## APE'S MARK SHOULD NOT BE REGISTERED

47.    The Plaintiffs hereby realleges and incorporates by reference paragraphs 1-46 of this Complaint as if fully set forth herein.

48.    This Count arises under Sections 2(d), 2(e) and 21(b) of the Lanham Act (15 U.S.C. §§ 1052(d), 1052(e) and 1071(b)).

49.    By the acts complained of herein, APE intentionally applied for a federal registration for a trademark that would violate 15 U.S.C. § § 1052(d) and (e).

50.    APE knew, prior to its filing of Serial No. 76/090,310 for the mark "TNT FIREWORKS, INC." for distribution services of fireworks, that the Plaintiffs were using the mark "TNT FIREWORKS" for the sale of fireworks.

51.    The mark in Serial No. 76/090,310 consists of or comprises a mark which so resembles a mark or trade name previously used in the United States, and not abandoned, by the Plaintiffs on or in connection with goods or services of APE, as to cause confusion, or to cause mistake, or to deceive, all to the irreparable injury of the Plaintiffs' trade and goodwill in the Gaudreau Mark and the injury of the public and should be refused registration.

9

52.     APE filed an application for federal registration of a mark comprising of the words "FIREWORKS" and "INC." to be used in connection with a corporation's distribution of fireworks.

53.     The mark in Serial No. 76/090,310 consists of or comprises a mark which, when used on or in connection with the services of APE, is merely descriptive of the services and should be refused registration.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN UNDER § 43(a) OF THE LANHAM ACT**

54.     The Plaintiffs reallege and incorporate by reference paragraphs 1-53 of this Complaint as if fully set forth herein.

55.     This Count arises under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

56.     The Gaudreau Mark and Gaudreau Montana Registration have become uniquely associated with and identify the Plaintiffs' products and services.

57.     By the acts complained of herein, the Defendants intentionally engaged in conduct that constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

58.     The Defendants' false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of the Defendants and the Plaintiffs, or as to the origin, sponsorship, or approval of the goods, services, or commercial activities of the Defendants by the Plaintiffs, all to the irreparable injury of the Plaintiffs' trade and goodwill in the Gaudreau Mark and to the injury of the public.

59.     The Defendants' infringing and violative conduct has caused irreparable and

10

immediate injury to the Plaintiffs.

60.    The Plaintiffs have suffered damages as a result of the Defendants' violation of 15 U.S.C. § 1125(a).

61.    The Plaintiffs are further entitled to recover from the Defendants the damages, including attorneys fees, that they have sustained and will sustain, and any gains, profits, and advantages obtained by the Defendants as a result of the Defendants' willful infringement and willful violation of the Plaintiffs' rights under 15 U.S.C. § 1125(a).

## COUNT III
## FRAUD ON THE PATENT AND TRADEMARK OFFICE

62.    The Plaintiffs reallege and incorporate by reference paragraphs 1-61 of this Complaint as if fully set forth herein.

63.    This Count arises under Section 38 of the Lanham Act (15 U.S.C. § 1120).

64.    By the acts complained of herein, APE sought to procure a registration in the U.S. Patent and Trademark Office ("USPTO") of a mark by making a false or fraudulent declaration or representation, either orally or in writing, or by another false means, in violation of 15 U.S.C. § 1120.

65.    Gaudreau has been using the mark TNT FIREWORKS since at least 1985. Gaudreau purchased, under the mark TNT FIREWORKS, products from APE at least as early as 1995.

66.    APE signed and filed with the USPTO a declaration in 2000 for Serial No. 76/090,310 that it "believes the applicant to be entitled to use [the mark "TNT FIREWORKS, INC."] in commerce; to the best of [its] knowledge and belief no other person, firm, corporations,

11

or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

67.    APE knew, prior to its filing of Serial No. 76/090,310 that Gaudreau was using the mark "TNT FIREWORKS" for the sale of fireworks.

68.    It was APE's intent in filing and prosecuting Serial No. 76/090,310, to receive a registration for the mark by the USPTO.

69.    The USPTO relied on at least APE's declaration that it did not know or believe that there was another person or entity that had the right to use the mark, or a similar mark, in commerce on the same or similar goods or services, such that confusion, mistake or deception was likely, resulting in the PTO publishing Serial No. 76/090,310 for opposition.

70.    APE applied for federal registration of the mark of Serial No. 76/090,310 when it knew that another person or entity, namely the Plaintiffs, were using the same or similar mark in commerce in the United States on the same or similar goods or services, and that APE's applied for mark was likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of APE and the Plaintiffs, or as to the origin, sponsorship, or approval of the goods, services, or commercial activities of APE by the Plaintiffs, all to the irreparable injury of the Plaintiffs' trade and goodwill in the Gaudreau Mark and to the injury of the public.

71.    The Plaintiffs had to bring an opposition to 76/090,310, to prevent APE from acquiring rights in a federal trademark that it was not entitled to, resulting in a great expense of time and money spent by the Plaintiffs.

72.    APE's violative conduct has caused irreparable and immediate injury to the

12

Plaintiffs.

73.     The Plaintiffs have suffered damages as a result of APE's violation of 15 U.S.C. § 1120.

74.     The Plaintiffs are further entitled to recover from APE the damages, including attorneys fees, that they have sustained and will sustain, and any gains, profits and advantages obtained by APE as a result of APE's willful infringement and willful violation of the Plaintiffs' rights under 15 U.S.C. § 1120.

## COUNT IV
### Trademark Infringement Under Montana Code Ann. § 30-13-33

75.     The Plaintiffs reallege and incorporate by reference paragraphs 1-74 of this Complaint as if fully set forth herein.

76.     By the acts complained of herein, APE intentionally engaged in conduct that constitutes false designation of origin in violation of Mont. Code Ann. § 30-13-33.

77.     The Gaudreau Montana Registration is a registered Montana trademark in full force and effect, has been continuously and widely used throughout Montana since its first use in commerce and has never been abandoned.  Gaudreau is the beneficiary user of the Gaudreau Montana Registration and intends to reserve and maintain TNT Fireworks, Inc.'s rights with respect to the Gaudreau Montana Registration and to continue to use the Gaudreau Montana Registration through the sale of fireworks.

78.     The Gaudreau Montana Registration is distinctive and is well known to the trade and members of the purchasing public in Montana.  The public identifies and associates the Gaudreau Montana Registration with the Plaintiffs.

79.     The Gaudreau Montana Registration has developed significance in the minds of the

13

purchasing public through the goodwill and reputation for quality associated with the Gaudreau Montana Registration and the sale of fireworks in connection with the Gaudreau Montana Registration. The purchasing public immediately identifies the sale of fireworks under and in connection with the Gaudreau Montana Registration with the Plaintiffs.

80.    The Defendants' use and intended use of the Infringing Mark copies, appropriates, and is a colorable imitation of the Gaudreau Montana Registration, is not authorized by the Plaintiffs. Such use is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the Defendants' goods and services.

81.    The Defendants' unauthorized use of the Infringing Mark is greatly and irreparably damaging to the Plaintiffs in the form of loss in income, lessening and dilution of the Gaudreau Montana Registration, confusion in the marketplace as to the authorized source of firework sales under or in connection with the Gaudreau Montana Registration, and impairment of the goodwill the Plaintiffs have in the Gaudreau Montana Registration.

82.    The Defendants' willful and unauthorized use of the Infringing Mark will, if not enjoined, continue to cause irreparable damage to the rights of the Plaintiffs, the Gaudreau Montana Registration and to the respective business, reputation, and goodwill of the Plaintiffs.

83.    The Plaintiffs have no adequate remedy at law. The Plaintiffs' damages are not yet fully determined.

## COUNT V
### North Dakota Common-Law Trademark Infringement

84.    The Plaintiffs reallege and incorporate by reference paragraphs 1-83 of this Complaint as if fully set forth herein.

85.    The Gaudreau Mark is in full force and effect, has been continuously and widely

14

used throughout North Dakota since its first use in commerce, and has never been abandoned. The Plaintiffs intend to reserve and maintain their rights with respect to the Gaudreau Mark and to continue to use the Gaudreau Mark through the sale of fireworks.

86.    The Gaudreau Mark is distinctive and is well known to the trade and members of the purchasing public in North Dakota. The public identifies and associates the Gaudreau Mark with the Plaintiffs.

87.    The Gaudreau Mark has developed significance in the minds of the purchasing public through the goodwill and reputation for quality associated with the Gaudreau Mark and the sale of fireworks in connections with the Gaudreau Mark. The purchasing public immediately identify the sale of fireworks under and in connection with the Gaudreau Mark with the Plaintiffs.

88.    The Defendants' use and intended use of the Infringing Mark copies, appropriates, and is a colorable imitation of the Gaudreau Mark. Such use is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the Defendants' goods and services.

89.    The Defendants' unauthorized use of the Infringing Mark is greatly and irreparably damaging to the Plaintiffs in the form of loss in income, lessening and dilution of the the Plaintiffs Mark, confusion in the marketplace as to the authorized source of firework sales under or in connection with the Gaudreau Mark, and impairment of the goodwill the Plaintiffs has in the Gaudreau Mark.

90.    The Defendants' unauthorized use of the Infringing Mark will, if not enjoined, continue to cause irreparable damage to the rights of the Plaintiffs, the Gaudreau Mark, and to the respective business, reputation and goodwill of the Plaintiffs.

15

91.    The Plaintiffs have no adequate remedy at law.  The Plaintiffs' damages are not yet fully determined.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

(A)    That the Defendants and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be permanently enjoined from:

(1)    Using the TNT FIREWORKS mark, TNT FIREWORKS & Design, or any other mark confusingly similar to the Gaudreau Mark or Gaudreau Montana Registration, alone or in combination with other words and/or designs, as a service mark, trademark, trade name, component or otherwise, to market, promote, advertise, or identify the Defendants' goods or services;

(2)    Otherwise infringing the Gaudreau Mark or Gaudreau Montana Registration;

(3)    Using the designations TNT FIREWORKS or TNT FIREWORKS, INC., or any colorable imitation thereof upon any product or in connection with any service or on Defendants' websites, advertising, or promotional material, either in print or in broadcast or electronic form or other forms either separately or compositely with other words, symbols, or devices as a trademark or service mark in connection with fireworks, the sale of fireworks, or the distribution of fireworks;

(4)    In any manner imitating the Plaintiffs' names, trademarks, and service marks for the purpose of acquiring the Plaintiffs' trade and goodwill in the Gaudreau Mark or

16

Gaudreau Montana Registration by imitation, fraud, mistake or deception;

(5)    Causing a likelihood of injury or injury to business reputation of the Gaudreau Mark or Gaudreau Montana Registration;

(6)    Holding themselves out as the owner(s) of, or a company(ies) authorized to use, as part of their name, the Gaudreau Mark, Gaudreau Montana Registration, or a name confusingly similar thereto as a trademark, service mark, or trade name;

(7)    Performing any actions or using any words, names, styles, titles, or marks, which are likely to cause confusion or mistake or to deceive; to otherwise mislead the trade or public into believing (a) that the Plaintiffs and the Defendants are one and the same or are in some way connected, or (b) that the Plaintiffs is a sponsor of the Defendants, or (c) that the Defendants are in some manner affiliated or associated with or under supervision or control of the Plaintiffs, or (d) that goods or services of the Defendants originate with the Plaintiffs or are conducted or offered with the approval, consent, authorization, or under the supervision of the Plaintiffs; or are likely in any way to lead the trade or the public to associate the Defendants with the Plaintiffs;

(8)    Using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of the Plaintiffs, or a likelihood of misappropriation of the Gaudreau Mark or Gaudreau Montana Registration and the goodwill associated therewith; and

(9)    Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure the Plaintiffs' businesses and the goodwill attached thereto;

(B)    That judgment be entered against the Defendants on all counts herein and the Plaintiffs be awarded compensatory damages, interest, attorneys fees, costs, and such other

17

and further relief as this Court deems just and appropriate;

(C)     That an order pursuant to 15 U.S.C. § § 1119 and 1071(b), holding that the mark of Serial No.76/090,310, and any trademark or service mark that is a colorable imitation thereof, not be allowed for registration;

(D)     For an order holding that the Defendants' actions constitute (1) federal unfair competition, (2) federal fraud on the Patent and Trademark Office, (3) trademark infringement under Montana law, and (4) common law infringement under North Dakota law;

(E)     For an Order directing the Defendants to file with this Court and serve upon the Plaintiffs within thirty (30) days after service of the injunction, a report in writing and under oath setting forth in detail the manner in which the Defendants have complied with the injunction and the further orders of the Court;

(F)     That the Defendants be ordered to account for all benefits and monies realized as a result of their wrongful conduct and, upon such accounting, that judgment be rendered against the Defendants for the amount shown due and the cost of accounting;

(G)     That pursuant to 15 U.S.C. §§ 1117 and 1120, and Mont. Code Ann. § 30-13-335, the Plaintiffs be awarded their damages, the Defendants' profits, their attorneys fees and costs, and that this award of damages and profits be trebled pursuant to 15 U.S.C. § 1117 and Mont. Code Ann. § 30-13-335;

(H)     For damages in connection with the Defendants' unfair competition, in amount to be determined at a later date;

(I)     That the Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them be ordered to

18

immediately deliver up for destruction all products, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes, and any and all other material which bear the designations TNT FIREWORKS, TNT FIREWORKS & Design, TNT FIREWORKS, INC., or any colorable imitations thereof; and

(J)    That the Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

19

## VERIFICATION

I declare that I am Terry P. Gaudreau, the plaintiff in this matter. I have read the foregoing COMPLAINT and know its contents. The allegations are true and correct and are of my own personal knowledge, except to those matters stated to be upon information and belief, and as to those matter, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6-22-2007
_____
Date

_____
Terry P. Gaudreau
2615 18th Avenue West
Williston, North Dakota 58801

<u>JURY DEMAND</u>

The Plaintiffs demand a jury on all issues so triable.

DATED this __22nd__ day of June 2007.

                                      Respectfully submitted,

                                      Paul Grandinetti
                                      D.C. Bar No. 384,996
                                      LEVY & GRANDINETTI
                                      Suite 408
                                      1725 K Street, N.W.
                                      Washington, D.C. 20006-1419
                                      Telephone (202) 429-4560
                                      Facsimile (202) 429-4564

                                      ATTORNEY FOR PLAINTIFFS
                                      TERRY P. GAUDREAU
                                      TNT FIREWORKS, INC.

# SECRETARY OF STATE
## STATE OF MONTANA
### CERTIFICATE OF REGISTRATION OF MARK

I, BRAD JOHNSON Secretary of State of the State of Montana, do hereby certify that on **October 30, 2006** an Application for Registration of Mark,

### TNT FIREWORKS & DESIGN

for a period of five years to expire **October 30, 2011**, listing **June 15, 1980** as the date of first use of the mark anywhere and **JUNE 15, 1981** as the date of first use in this state, having 13 as the class of goods or services on or in connection with which the mark is used and have attached a reproduction of the mark, duly executed pursuant to the provisions of Section 30-13-312, Montana Code Annotated, has been received in my office and conforms to law.

NOW, THEREFORE, I, **BRAD JOHNSON**, as such Secretary of State, by virtue of the authority vested in me by law, hereby issue this Certificate of Registration of Mark, to **TNT FIREWORKS INC, 2615 18TH AVE WEST-WILLISTON ND 58801**.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Montana, a Helena, the Capital, this **October 31, 2006**.

*Brad Johnson*

**BRAD JOHNSON**
Secretary of State

702

Exhibit A

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Terry P. Gaudreau; TNT Fireworks, Inc. | American Promotional Events, Inc.; Does 1-10 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Williams, N.D.
88 888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   Lauderdale, A.L.
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul Grandinetti
Levy & Grandinetti
1725 K Street NW, Suite 408, Washington, DC 20006
(202) 429-4560

ATTORNEYS

Case: 1:07-cv-01122
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/22/2007
Description: General Civil

JURY
ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

◉ **E.** *General Civil (Other)*        OR        ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

ⓘ

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Refusal of registration, unfair competition, fraud on the Trademark Office, under 15 USC Secs. 1052, 1071, 1125, 1120, infringement under MT & ND law

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 22 June 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.