IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:07-CV-01122 ESH |
| AMERICAN PROMOTIONAL EVENTS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC.'S MOTION TO DISMISS COUNTS II, III, IV AND V

Defendant American Promotional Events, Inc., by and through its undersigned attorneys, pursuant to FED. R. CIV. P. 12(b)(6), moves this Court to dismiss Counts II, III, IV and V of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. More specifically, the claims set forth in Counts IV and V are not brought within the applicable period of limitations, the claim set forth in Count II is barred by the doctrine of laches, and the claim set forth in Count III on its face demonstrates that Plaintiffs are not entitled to relief.

WHEREFORE, defendant American Promotional Events, Inc. prays for an Order dismissing Counts II, III, IV and V of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and for such other and further relief as the Court believes necessary and just.

Dated: August 13, 2007          RESPECTFULLY SUBMITTED,

                                /s/ Donald R. Banowit
                            By:_____
                                Tracy-Gene G. Durkin (D.C. Bar No. 421204)
                                Donald R. Banowit (D.C. Bar No. 463976)

        Sterne, Kessler, Goldstein & Fox P.L.L.C.
        1100 New York Avenue, N.W.
        Washington, DC 20005
        Telephone: (202) 371-2600
        Facsimile: (202) 371-2540

        R. Prescott Sifton, Jr. (*pro hac vice* pending)
        rsifton@blackwellsanders.com
        Blackwell Sanders LLP
        720 Olive Street, Suite 2400
        St. Louis, Missouri 63101
        Telephone: (314) 435-6000
        Facsimile: (314) 345-6060

        *Attorneys for Defendant, American Promotional Events, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 13, 2007 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Paul Grandinetti, Esq. of the law firm Levy & Grandinetti.

                                            /s/ Donald R. Banowit
                                                Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) No. 1:07-CV-01122 ESH |
| AMERICAN PROMOTIONAL EVENTS, INC. | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC.'S MOTION TO DISMISS COUNTS II, III, IV AND V

Plaintiffs' claims are all untimely, save for their challenge to the Trademark Trial and Appeal Board's ("TTAB") ruling allowing defendant American Promotional Events, Inc. ("American") to register the trademark TNT FIREWORKS, INC. Plaintiffs' Montana and North Dakota state law trademark claims are not brought within the applicable statute of limitations. Plaintiffs' false designation of origin claim pursuant to 15 U.S.C. § 1125(a) is likewise barred by laches. Finally, Plaintiffs' claim for fraud on the Patent and Trademark Office's is unripe in that Plaintiffs admit no registration has been issued for the subject mark. The Court should proceed with the appeal of the TTAB ruling and dismiss all other claims.

### FACTUAL BACKGROUND

This proceeding arises out of the TTAB's ruling dismissing the opposition of Plaintiffs Terry Gaudreau and TNT Fireworks, Inc. of Montana (collectively "Gaudreau") to American's registration of the mark TNT FIREWORKS, INC. Gaudreau now appeals the TTAB's ruling pursuant to 15 U.S.C. § 1071(b)(1).

American is a leading distributor and vendor of consumer fireworks. American sells fireworks nationwide through its own retail locations and as a wholesaler selling to other retailers. Since long before Plaintiffs began selling fireworks or using their current trade name, American has sold fireworks bearing the trademark "TNT" in wholesale and retail channels of trade throughout the United States. In 1968, the United States Patent and Trademark Office ("USPTO") issued Registration No. 860,365 for the mark TNT THE NITE THEATRE. In 1988, the USPTO issued Registration No. 1,486,863 for the mark TNT based on a date of first use in commerce of June 1, 1966. American holds the rights to both marks. These Registrations are valid, subsisting and incontestable and they have never been challenged by Gaudreau. Consumers throughout the United States recognize the mark "TNT" in connection with the sale of American's consumer fireworks, as inherently distinctive and as an indication of source.

Taking the facts pled by Gaudreau as true for purposes of this motion only, Gaudreau claims he and Ronald Knutson formed a partnership in 1980 that sold fireworks under the trade name "TNT Discount Fireworks" and changed the name the next year to "TNT Fireworks City." *Complaint* ¶ 16. Gaudreau claims the partnership dissolved in 1984. *Id.* ¶ 17. He further claims that after the dissolution, Knutson used the name "TNT Fireworks City" and Gaudreau used the name "TNT Fireworks." *Id.* ¶¶ 8, 17.

Critically, Gaudreau admits that at least as early as 2003 American began selling fireworks in North Dakota and Montana using the trademark TNT FIREWORKS. *Id.* ¶ 24. In 2002 Gaudreau and Knutson together filed an opposition to American's application filed in 2000 to register the trademark TNT FIREWORKS, INC. *Id.* ¶ 22. Knutson was dismissed from that proceeding in 2003 and the TTAB ultimately dismissed Gaudreau from the opposition as well. *Id.* Gaudreau has therefore known of American's claims to the mark TNT for more than

five years and of American's use of the mark TNT in North Dakota and Montana for more than four years.

While challenging the TTAB's ruling, Gaudreau also now sues for the first time for trademark infringement and false designation of origin he claims has been going on since 2003. *Id.* ¶ 24. By virtue of the facts set forth above, none of Gaudreau's claims, save for his challenge to the TTAB's dismissal of his opposition, are timely.

## ARGUMENT AND AUTHORITIES

### I. STANDARD FOR DISMISSAL.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Sampson v. Washington Metro. Area Transit Authority***, 477 F. Supp.2d 223, 225 (D. D.C. 2007) (citation omitted). "Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff." *Id.* "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* "In deciding a Rule 12(b)(6) motion, the Court may typically consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." ***Powers-Bunce v. District of Columbia***, 479 F. Supp.2d 146, 152 (D. D.C. 2007) (quotation omitted).

### II. PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION.

Gaudreau's Complaint includes claims for trademark infringement in violation of Montana Code Ann. § 30-13-33 [sic 303] and North Dakota common law. Gaudreau bases his

claims on allegations that American began using the mark TNT FIREWORKS in Montana and North Dakota in 2003 and that his own use began earlier. *Complaint* ¶ 24. Gaudreau did not bring his state law claims until he filed this lawsuit on June 22, 2007, and admits his cause of action accrued in 2003, prior to June 22, 2004. Gaudreau's Montana and North Dakota infringement claims are thus barred because both states provide a limitation period of three years.

### A.  Montana

The Ninth Circuit has held a three-year period of limitations applies to trademark infringement claims arising under the Montana statute. *See **Polar Bear Productions, Inc. v. Timex Corp.**,* 384 F.3d 700, 720-21 (9th Cir. 2004). In ***Polar Bear Productions***, the Ninth Circuit applied Montana Code Ann. § 27-2-204, providing a three-year statute of limitation for general torts, to a claim for trademark infringement in violation of Montana Code Ann. § 30-13-303 *et seq*. Although technically not binding on this Court, the Ninth Circuit's opinion in ***Polar Bear Productions*** is persuasive and ought to be followed. Because a three-year limitation applies to Gaudreau's claim based on Montana statute and Gaudreau delayed more than three years in filing suit, his claim is barred.

### B.  North Dakota

North Dakota likewise provides for a three-year statute of limitation in state law trademark infringement actions. The Supreme Court of North Dakota has held that N.D. C.C. §§ 47-22 and 47-25 apply to trademark infringement cases arising under North Dakota law. *See **KAT Video Productions, Inc. v. KKCT FM Radio**,* 584 N.W.2d 844, 846 (N.D. 1998). Section 47-25.1-06 provides for a three-year limitations period: "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of

reasonable diligence should have been discovered." *See* N.D. C.C. § 47-25.1-06. Gaudreau's North Dakota statutory infringement claim must therefore be dismissed as time-barred as well.

### III. LACHES AND/OR THE ANALOGOUS STATUTE OF LIMITATION BAR PLAINTIFFS' FALSE DESIGNATION OF ORIGIN CLAIM.

"The Lanham Act does not contain its own statute of limitations provision, but the general rule in the absence of such a provision in a federal statute is to borrow the most analogous statute of limitations from state law." **Theodosakis v. Contract Pharmacal Corp.**, 172 Fed. Appx. 772, 773 (9th Cir. 2006), *citing* **Polar Bear Prods. Inc. v. Timex Corp.**, 384 F.3d 700, 720 n. 17 (9th Cir. 2004), **Jarrow Formulas, Inc. v. Nutrition Now, Inc.**, 304 F.3d 829, 836-37 (9th Cir. 2002). Accordingly, "if any part of the alleged wrongful conduct occurred outside of the limitations period, courts presume that plaintiff's claims are barred by laches." **Miller v. Glen Miller Productions, Inc.**, 454 F.3d 975, 997 (9th Cir. 2006) (citation omitted).

"An equitable doctrine, laches is founded on the notion that equity aids the vigilant and not those who slumber on their rights," if any. **Pro-Football, Inc. v. Harjo**, 415 F.3d 44, 47 (D.C. Cir. 2005) (citation omitted). Laches requires "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Id.*, *citing* **Nat'l R.R. Passenger Corp. v. Morgan**, 536 U.S. 101, 121-22, 122 S.Ct. 2061 (2002). Laches is presumed where, as here, the claim is not brought within the analogous limitations period. "The same period of delay that puts the claims outside the statute of limitations periods establishes presumptive laches." *Id.*, *citing Jarrow*, 304 F.3d at 837. Delay beyond the limitations period "is presumptively prejudicial and unreasonable, creating a rebuttable presumption of laches." **Nartron Corp. v. Stmicroelectronics, Inc.**, 305 F.3d 397, 409 (6th Cir. 2002).

Gaudreau neglected to bring his 28 U.S.C. § 1125(a) false designation of origin claim for more than three years after it arose in 2003.[1] Not a day has gone by between February 15, 2002 and the present without Gaudreau and American being engaged in litigation concerning the TNT FIREWORKS, INC. mark. Gaudreau admits American began selling fireworks bearing the mark TNT FIREWORKS in North Dakota and Montana in 2003. Yet Gaudreau has not at any time before now attempted to bring any kind of infringement or false designation of origin claims based on American's sales in those states. Laches consequently bars Gaudreau's Lanham Act claim, as no federal statute of limitation exists for § 1125(a) and the most analogous Montana and North Dakota statutes, discussed above, provide for a three-year limitation period.

### IV. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR FRAUD ON THE TRADEMARK OFFICE.

Gaudreau's Count III "fraud on the office" claim fails because American has not procured registration of the mark TNT FIREWORKS, INC. as is required to support such a claim. Count III must therefore also be dismissed.

Gaudreau bases his fraud on the office claim on the supposition that American falsely advised the USPTO that it had priority to the TNT FIREWORKS, INC. mark when it supposedly knew otherwise. *See Complaint*, ¶¶ 64 – 67. He goes on to claim that the USPTO relied on that representation in publishing American's mark for opposition. *Id.* ¶ 69. Even if true, these facts would not establish a claim for fraud on the office because Gaudreau's claim contains a fatal omission: no-where does he plead, nor could he in good faith, that American has procured

---

1    Under ***Dawn Donut, Inc. v. Day***, 450 F.2d 332 (10th Cir. 1971), Gaudreau's claim against American, if any, would not have arisen until the two began competing in the same market, which Gaudreau admits occurred in 2003. *Complaint* ¶ 24. To the extent Gaudreau claims his rights, if any, extend beyond Montana and North Dakota, his claim would have arisen earlier and his instant action would therefore be even more untimely than it is already.

registration of the mark based on the alleged misrepresentation to the USPTO.  Although Gaudreau's opposition has been dismissed, no registration has yet been issued to American.  Indeed, Gaudreau couches his appeal of the dismissal of his opposition as an action to "prevent" registration rather than as a cancellation action.  *See Complaint*, Ct. I.

Under 15 U.S.C. § 1120, "[a]ny person who shall **procure** registration in the [USPTO] of a mark by false or fraudulent declaration . . . shall be liable in a civil action . . . ." (emphasis added).  The statute's use of the term "procure" requires that a registration take place before a claim for fraud on the office is ripe.  *See* **Country Mut. Ins. Co. v. American Farm Bureau Fed.**, 876 F.2d 599, 601 (7th Cir. 1989); **Lennon v. Seaman**, 84 F. Supp.2d 522, 526 (S.D. N.Y. 2000) (copyright).  "Section 38 makes sense when 'procure' is taken to mean 'obtain' and little sense when taken to mean 'apply for.'"  **Country Mut. Ins. Co.**, 876 F.2d at 601.  "As there has not yet been any possible reliance on the allegedly false statements contained in that application, Plaintiffs' fraud allegation is not yet fit for 'judicial decision.'"  **Lennon**, 84 F. Supp.2d at 526.  Because the USPTO has not issued a registration to American for the mark TNT FIREWORKS, INC., it could not have issued a registration in reliance upon any false declaration.  Gaudreau's claim for fraud on the office must therefore be dismissed.

Even if the necessary predicate for a "fraud on the office" claim – a registration – existed, the claim still would lack merit.  American's incontestable registrations are based on use in commerce dating back to the middle 1960s, and Gaudreau has never challenged those registrations.  By virtue of its incontestable registrations, American had even more than a good faith basis for representing to the USPTO that it enjoyed priority for use of the subject mark in commerce throughout the United States.  Even if Gaudreau could somehow establish priority to

similar terms as a trade name in some sliver of the country, which he cannot, that fact alone would not render American's declaration in support of its trademark application fraudulent.

## CONCLUSION

Gaudreau's Montana and North Dakota statutory actions are barred as not brought within the applicable three-year period of limitations and must be dismissed. The same is true with respect to 28 U.S.C. § 1125(a) false designation of origin claim, which is barred by laches for the same reason. Gaudreau fails to state a claim for a 15 U.S.C. § 1120 action based on alleged "fraud on the office" of the USPTO because, on the face of Gaudreau's pleading, the USPTO has not issued American a registration for the mark at issue.

Dated:  August 13, 2007                                  RESPECTFULLY SUBMITTED,


                                                         /s/ Donald R. Banowit
                                                    By:_____
                                                         Tracy-Gene G. Durkin (D.C. Bar No. 421204)
                                                         Donald R. Banowit (D.C. Bar No. 463976)
                                                         Sterne, Kessler, Goldstein & Fox P.L.L.C.
                                                         1100 New York Avenue, N.W.
                                                         Washington, DC  20005
                                                         Telephone:  (202) 371-2600
                                                         Facsimile:  (202) 371-2540

                                                         R. Prescott Sifton, Jr. (*pro hac vice* pending)
                                                         rsifton@blackwellsanders.com
                                                         Blackwell Sanders LLP
                                                         720 Olive Street, Suite 2400
                                                         St. Louis, Missouri  63101
                                                         Telephone:  (314) 435-6000
                                                         Facsimile:  (314) 345-6060

                                                         *Attorneys for Defendant, American Promotional Events, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on August 13, 2007 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Paul Grandinetti, Esq. of the law firm Levy & Grandinetti.

 

                                                                           /s/ Donald R. Banowit
                                                                                   Attorney