IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) No. 1:07-CV-01122 ESH <br> AMERICAN PROMOTIONAL EVENTS, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | |

**DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I
OF PLAINTIFFS' COMPLAINT**

Defendant American Promotional Events, Inc. ("American"), for its Answer to Count I of Plaintiffs' Complaint, states as follows:

**JURISDICTION, PARTIES AND VENUE**

1. The allegations contained in paragraph 1 call for conclusions of law. American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore denies the same.

2. American admits the allegations set forth in paragraph 2.

3. American admits TNT Fireworks, Inc. is or was a Montana corporation with its registered agent at HC 58 Box 16, Bainville, Montana 59212. American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 and therefore denies the same.

4. American admits the allegations set forth in paragraph 4.

5. American makes no response to the allegations set forth in paragraph 5, in that said allegations are not directed to American. To the extent a response is nonetheless required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and therefore denies the same.

6. American makes no response to the allegations set forth in paragraph 6, in that said allegations are not directed to American. To the extent a response is nonetheless required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and therefore denies the same.

7. The allegations contained in paragraph 7 call for a legal conclusion. American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and therefore denies the same.

## BACKGROUND FACTS

8. American denies the allegations contained in paragraph 8.

9. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and therefore denies the same.

10. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies the same.

11. The allegations in paragraph 11 are vague. American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the same.

12. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies the same.

13. The allegations set forth in paragraph 13 are vague with respect to the meaning of the term "using the mark 'TNT FIREWORKS.'" American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies the same.

14. The allegations set forth in paragraph 14 are vague with respect to the time period referenced therein. American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore denies the same.

15. American denies the allegations set forth in paragraph 15.

16. American denies the allegations set forth in paragraph 16.

17. American admits Gaudreau had a partnership with Ronald Knutson that dissolved in 1984, but denies the remaining allegations set forth in paragraph 17.

18. The allegations set forth in paragraph 18 are vague with respect to the meaning of the term "Gaudreau Mark" and the alleged scope of the conveyance in question. American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and therefore denies the same.

19. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and therefore denies the same.

20. American admits the allegations set forth in paragraph 20.

21. American denies that Plaintiffs have correctly and precisely quoted the document referenced, in that the quote is incorrect by one word, but admits that the statement set forth in the declaration in question contained words substantially the same as those set forth in the quote contained in paragraph 21.

22. American admits the allegations set forth in paragraph 22.

23. American admits the allegations set forth in paragraph 23.

24. American denies the allegations set forth in paragraph 24.

25. American denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 are vague with respect to the meaning of the term "Defendants' actions." The allegations contained in paragraph 26 are also vague with respect to the meaning of the term "Gaudreau Mark," in that it is unclear whether Plaintiffs are claiming they have used TNT FIREWORKS as a trade name, a trademark, or both. American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the same.

27. The allegations contained in paragraph 27 are vague with respect to the meaning of the terms "pay more," the "Gaudreau Mark" and the alleged "Infringing Mark." American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies the same.

28. American denies the allegations contained in paragraph 28.

29. American denies the allegations contained in paragraph 29.

30. American denies the allegations contained in paragraph 30.

31. American denies the allegations contained in paragraph 31.

32. American denies the allegations contained in paragraph 32.

33. The remaining allegations contained in paragraph 33 are vague. American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34. American denies the allegations contained in paragraph 34.

35. American denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 are vague. American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the same.

37. American denies the allegations contained in paragraph 37.

38. American denies the allegations contained in paragraph 38.

39. The allegations in paragraph 39 are vague with respect to the meaning of the terms the "Gaudreau Mark" and the allegedly "Infringing Mark." American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies the same.

40. The allegations in paragraph 40 are vague with respect to meaning of the terms the "Gaudreau Montana Registration" and the allegedly "Infringing Mark." American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and therefore denies the same.

41. The allegations contained in paragraph 41 are vague with respect to the meaning of the terms "types of . . . services offered under the Gaudreau Mark" and the alleged "Infringing Mark." American therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and therefore denies the same.

42. American denies the allegations contained in paragraph 42.

43. American denies the allegations contained in paragraph 43.

44. American denies the allegations contained in paragraph 44.

45. American denies the allegations contained in paragraph 45.

46. American denies the allegations contained in paragraph 46.

## COUNT I

47. American incorporates by this reference its responses to paragraphs 1 through 46 as if fully set forth herein.

48. The allegations set forth in paragraph 48 constitute conclusions of law. American is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, and therefore denies the same.

49. American denies the allegations contained in paragraph 49.

50. American denies the allegations contained in paragraph 50.

51. American denies the allegations contained in paragraph 51.

52. American denies the allegations contained in paragraph 52.

53. American denies the allegations contained in paragraph 53.

WHEREFORE, American Promotional Events, Inc. respectfully requests that the Court enter judgment in its favor against Plaintiffs, dismiss with prejudice Plaintiffs' Complaint and award American such other and further relief as this Court deems just and proper, including awarding American its attorneys' fees and costs.

## COUNTS II – V

American makes no answer to the allegations contained in Counts II, III, IV and V of Plaintiffs' Complaint, in that American has separately filed a Motion to Dismiss said counts pursuant to FED. R. CIV. P. 12(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, American Promotional Events, Inc. respectfully requests that the Court enter judgment in its favor against Plaintiffs, dismiss with prejudice Plaintiffs' Complaint and

award American such other and further relief as this Court deems just and proper, including awarding American its attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

1.     Upon information and belief, Ronald Knutson and Terry Gaudreau formed a partnership and began using the terms "TNT FIREWORKS" in connection with the sale of fireworks together through their partnership, as a trade name and not a trademark. The partnership subsequently dissolved. Knutson later assigned any and all of his rights to and goodwill in the terms "TNT FIREWORKS" to American. Because American has acquired from Knutson rights that date back at least as far as any rights Plaintiffs may have, Plaintiffs cannot establish priority, vis-à-vis American, to the terms at issue.

2.     Since long prior to any alleged use of TNT FIREWORKS by Plaintiffs as a trade name, American or its predecessors have used the trademarks TNT, U.S. Reg. No. 1,486,863, issued May 3, 1988 based on a date of first use in commerce of June 1, 1966, and TNT THE NITE THEATRE, U.S. Reg. No. 860,385, issued November 19, 1968, (collectively the "TNT trademarks") for fireworks. Said registrations are incontestable. By virtue of American's longstanding and continuous use of its TNT trademarks since long prior to any purported use by Plaintiffs of TNT FIREWORKS as a trade name, American's rights in the TNT trademarks predate and are therefore superior to any purported rights in said terms by Plaintiffs.

3.     Plaintiffs did not begin using the terms TNT FIREWORKS as the trade name of their retail stores until long after learning of American's use of the TNT trademarks for fireworks. Plaintiffs' use of the terms TNT FIREWORKS for the retail sale of fireworks is likely to cause consumer confusion or mistake or to deceive consumers into the erroneous belief that Plaintiffs or their businesses are American's or that Plaintiffs' products or services are sourced,

authorized or sponsored by American or connected in some way with American and/or its TNT branded fireworks. Plaintiffs' claims are therefore barred by the doctrine of unclean hands.

4. Plaintiffs have abandoned any rights they may have ever had to use the terms TNT FIREWORKS in any markets other than Sidney, Montana, Williston, North Dakota and Watford City, North Dakota.

6. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

7. Plaintiffs' Complaint is barred by the doctrines of waiver, estoppel, acquiescence, ratification, and laches.

8. Plaintiffs' claims may be barred or reduced based on any affirmative defenses that may become available through the course of discovery. American reserves the right to plead additional and further affirmative defenses upon the completion of discovery.

Dated: August 13, 2007                    RESPECTFULLY SUBMITTED,

By: /s/ Donald R. Banowit
_____
Tracy-Gene G. Durkin (D.C. Bar No. 421204)
Donald R. Banowit (D.C. Bar No. 463976)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

R. Prescott Sifton, Jr. (*pro hac vice* pending)
rsifton@blackwellsanders.com
Blackwell Sanders LLP
720 Olive Street, Suite 2400
St. Louis, Missouri 63101
Telephone: (314) 435-6000
Facsimile: (314) 345-6060

*Attorneys for Defendant, American Promotional Events, Inc.*

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 13, 2007 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Paul Grandinetti, Esq. of the law firm Levy & Grandinetti.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Donald R. Banowit
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney