### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY P. GAUDREAU et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01122 ESH |
| | ) | |
| AMERICAN PROMOTIONAL EVENTS, INC., | ) | |
| and | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS COUNTS II, III, IV, AND V

The Plaintiffs, Mr. Terry P. Gaudreau and TNT Fireworks Inc. (collectively, the

"Plaintiffs"), submit this Memorandum in Opposition in response to the Motion to Dismiss

Counts II, III, IV, and V (Dkt. 4) filed by the Defendant American Promotional Events, Inc.

### I.    INTRODUCTION

On June 22, 2007, the Plaintiffs brought this action against the Defendant and Does 1-10.

In their Complaint the Plaintiffs brought three counts under the Lanham Act, one count under

Montana statute, and one count under North Dakota common law (asking that Defendant's

federal trademark application not be registered and asserting false designation of origin, fraud on

the U.S. Patent and Trademark Office ("PTO"), and trademark infringement under state statute

and common law, respectively).

### II.    LEGAL STANDARD FOR DISMISSAL

"A motion to dismiss for failure to state a claim upon which relief can be granted is

generally viewed with disfavor and rarely granted." *Davis & Assocs. v. District of Columbia,*

2007 U.S. Dist. LEXIS 59655, *5 (D.C. Cir., Aug. 16, 2007)(citing *Doe v. United States Dep't of Justice*, 243 U.S. App. D.C. 354, 753 F.2d 1092, 1102 (D.C. Cir. 1985)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thorne v. D.C.*, 2006 U.S. Dist. LEXIS 91438, *5 (D.C. Cir., Dec. 19, 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff." *Id.* (citing *Shear v. Nat'l Rifle Ass'n of Am.*, 196 U.S. App. D.C. 344, 606 F.2d 1251, 1253 (D.C. Cir. 1979)).

## III.    ARGUMENT

### A.    Trademark Infringement and False Designation of Origin Are Continuing Torts

The continuing tort doctrine "applies to continuing course of conduct, which, over time, causes injury." *Roehrs v. Conesys, Inc.*, 2005 U.S. Dist. LEXIS 33295, *9-10 (N.D. Tex. Dec. 14, 2005). Trademark infringement is seen by many Circuits as a continuing tort, although the Plaintiffs could not locate dispositive precedent in the District of Columbia, Montana, or North Dakota. *See, e.g., Mears v. Montgomery*, 2006 U.S. Dist. LEXIS 22932, *35, *Roehrs v. Conesys, Inc.*, 2005 U.S. Dist. LEXIS 33295, *9-10 (N.D. Tex. 2006), *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 526 (10th Cir. 1987), *James Burrough Ltd. v. Sign of the Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir. 1978), *Greenlight Capital, Inc. v. Greenlight (Switz.) S.A.*, 2005 U.S. Dist. LEXIS 2, *24 (S.D.N.Y. Jan. 3, 2005), *De Medici v. Lorenzo De Medici, Inc.*, 101 A.D.2d 719, 475 N.Y.S.2d 391, 393 (N.Y. App. Div. 1984), and *R.G. Barry Corp. v. Mushroom Makers Inc.*, 108 Misc. 2d 113, 436 N.Y.S.2d 927, 930 (Sup. Ct. 1981). "Trademark infringement is a

2

continuous wrong and, as such gives rise to a claim for relief so long as the infringement

persists." *Brunswick Corp.*, 832 F.2d at 526 (citing *James Burrough Ltd.,* 572 F.2d at 578; *see*

*also* 4 CALLMANN, UNFAIR COMPETITION TRADEMARKS AND MONOPOLIES, § 22.50 at 260 (4th

ed. 1983)). This same reasoning is directly applicable to false designation of origin.

      In the District of Columbia the U.S. Court of Appeals decided that a tort analogous to

trademark infringement, trade secret misappropriation, was a continuing tort. *Underwater*

*Storage, Inc. v. United States Rubber Co.,* 371 F.2d 950, 151 U.S.P.Q. 90 (D.C. Cir. 1966). In

that case the Court decided the issue by examining "the nature of the tort" in question, "treatment

of the issue in analogous contexts, and the policy reasons underlying the competing positions of

the parties." *Id.* at 954. The Court noted that while the "nature of a trade secret is such that, so

long as it remains a secret, it is valuable property to its possessor who can exploit it

commercially to his own advantage," "[i]t is the continuing use of another's secret, wrongfully

obtained . . . that makes the tort a continuing one." *Id.* at 954-55. The Court also based its

decision on the "strong analogical support" provided by the appellant, including from trademark

law. *Id.* at 955, 953. The analogical support all stood "for the proposition that a cause of action

for each invasion of the plaintiff's interest arose at the time of that invasion and that the

applicable statute of limitations ran from that time *and not from the time of the first invasion.*"

*Id.* at 955 (emphasis added).

      Based on these principles, trademark infringement makes an even stronger case for being

a continuing tort. The value of a trademark is its ability to show source identity and the

trademark owners ability to control "its goodwill and reputation and ability to move into new

markets." *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F.Supp.2d 1,

56 (D.C. Cir. 2006) (citing *Sands, Taylor & Wood, Inc. v. The Quaker Oats Company*, 978 F.2d 947, 957 (7th Cir., 1992)). The continuing infringement, the continuing use of another's trademark without permission, makes the tort a continuing one. The analogous support remains the same as in *Underwater Storage*. The cause of action for each infringement, or invasion, of the Plaintiff's interest, arose at the time of that infringement. The time for the applicable statute of limitations runs from the time of each infringement. In addition, as noted above, other Circuits are in favor of viewing trademark infringement.

As a continuing tort the "injured party can recover for use during the statutory period preceding the filing of the suit, assuming, of course, that there has been use during that period." *Underwater Storage*, 371 F.2d at 953. Therefore the applicable statute of limitations for trademark infringement limits only the period of recovery, not the right to bring the suit. The Plaintiffs could prove a set of facts showing the Defendant has infringed their trademark in the past year and therefore within any statute of limitations.

**B.    The Statute of Limitations for Count IV, Trademark Infringement under Montana Statute, Has Not Run**

The statute of limitations for trademark infringement claims under MONTANA CODE ANN. § 30-13-33 has not run. The Plaintiffs' Montana trademark registration was not received until October 2006. (Dkt. 1, para. 9.) Therefore, the Plaintiffs did not have the right to bring an action for infringement of the Montana registration until after October 2006, not even a year before the filing of the Complaint.

Further, as stated above, trademark infringement is a continuing violation. Count IV of the Complaint is not barred, even assuming the statute of limitations in Montana is three years,

4

because acts of infringement occurred within that time.  Regardless of the recent continuing

violation status of trademark infringement, the Plaintiffs' count under Montana law is not barred.

The Defendant's infringement occurred during each firework season.  In Montana the sale of

fireworks is restricted to a certain date.  *See* MONTANA CODE ANN. § 50-73-106.  The Plaintiffs

did not know whether the Defendant would engage in infringing actions each year.  Instead, the

Plaintiffs learned of the Defendant's choice to infringe during the new firework sale season.  The

Defendant's infringing actions each firework season constituted a fresh infringement, causing the

statute of limitations to begin anew.

Count IV of the Complaint is not barred and should not be dismissed, because the statute

of limitations in Montana has not run.

### C.    The Statute of Limitations for Count V, Common-Law Trademark Infringement under North Dakota Common Law, Has Not Run

A straightforward reading of NORTH DAKOTA CENTURY CODE §§ 47-22 and 47-25 shows

that the former applies to trademarks and the latter to tradenames.  The Plaintiffs have brought no

tradename claim.  Therefore, § 47-25 is inapplicable to the current matter.  The Defendant states

that "Section 47-25.1-06 provides for a three-year limitations period."  (Dkt. 4, p. 4.)  While this

statement is correct, it is inapplicable to the Plaintiffs' causes of action because § 47-25.1 of the

North Dakota Century Code applies only to trade secrets.

Section 47-22, which is for trademarks, does not include a statute of limitations.

Therefore, one must look at the statutes of limitations laid out in Chapter 28-01 of the North

Dakota Century Code, Time for Commencing Actions.  Section 28-01-16 states, "The following

actions must be commenced within six years after the claim for relief has accrued:  . . . 2.  An

action upon a liability created by statute, other than a penalty or forfeiture, when not otherwise

expressly provided." Therefore, as there is no express provision of limitations for trademark

infringement in the North Dakota statute, the statute of limitations for common law trademark

infringement in North Dakota is six years.

Assuming, *arguendo*, that the Plaintiffs' cause of action under North Dakota law accrued

in 2003, the Plaintiffs are well within the statute of limitations. This assumption does not even

consider the continuing nature of trademark infringement or that, due to the nature of fireworks

sales in North Dakota, the sales, and therefore infringement, began new each season.[1]

Count V of the Complaint is not barred, because the statute of limitations in North

Dakota has not run, and it should not be dismissed.

### D.    The Statute of Limitations for Count II, False Designation of Origin, Has Not Run

Courts typically apply state statutes of limitations to claims under Section 43(a) of the

Lanham Act. *Derrick Mfg. Corp. v. Southwestern Wire Cloth*, 934 F. Supp. 796 (S.D. Tex.

1996) (citing 1A JEROME GILSON & JEFFREY M. SAMUELS, TRADEMARK PROTECTION AND

PRACTICE § 8.12[a6], at 8-326.1 (1995). "The large majority of federal courts that have

considered the limitations issue as to Section 43(a) claims have held that these claims are most

comparable to fraud claims, and have applied the fraud limitations period." *Id.* at 804-05 (*see,*

*e.g., Gordon & Breach Science Publrs. S.A. v. American Inst. of Physics*, 859 F. Supp. 1521,

1528-29 (S.D.N.Y. 1994); *Calzaturificio Rangoni S.p.A. v. United States Shoe Corp.*, 868

---

[1] Section 23-15-01 of N.D. CENT. CODE provides fireworks may only be sold retail in North Dakota from the end of June to early July, and a license to sell fireworks must be applied for on a yearly basis.

F. Supp. 1414, 1420, 33 U.S.P.Q.2d 1345 (S.D.N.Y. 1994); *Vitale v. Marlborough Gallery,*

32 U.S.P.Q.2d 1283 (S.D.N.Y. 1994); *RHP Bearings v. United States*, 16 C.I.T. 612, 808

F. Supp. 835, 839-40 (Ct. Int'l Trade 1992); and *PepsiCo, Inc. v. Dunlap Tire & Rubber Corp.*,

578 F. Supp. 196, 199 (S.D.N.Y. 1984)).

 False designation of origin is a continuing tort.  Therefore, regardless of the statute of

limitations applied, the right to bring suit is not limited by the passing of the period of limitation,

only by the scope of the damages.  Since the Plaintiffs could prove a set of facts showing the

Defendant has infringed their trademark in the past year, and therefore within any statute of

limitations, Count II should not be barred.[2]  The applicability of the continuing tort doctrine to

false designation, as well as the fact the actions complained of occurred sporadically, with long

periods of time in between occurrences, the statute of limitations has not run on Count II.

 Laches is also not applicable here.  Laches requires a prejudice to the Defendant and a

lack of diligence on the part of the Plaintiffs.  (Dkt. 4, p. 5, citing *Pro-Football, Inc. v. Harjo*,

415 F.3d 44, 47 (D.C. Cir. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

121-22 (2002)).  The Defendant provides no argument that it was prejudiced.  Indeed, any

prejudice suffered by the Defendant would have been from its own doing, as the Defendant was

perfectly aware of the Plaintiffs' rights and assertions to those rights since February 2002 – when

the Plaintiffs filed a Notice of Opposition against the Defendant's trademark application.  There

---

 [2] The Plaintiffs note that, at least in regard to the false designations committed in North Dakota, the statute of limitations is six years.  N.D. CENT. CODE § 38-01.06.

has been no lack of diligence on the part of the Plaintiffs, rather they have endeavored to keep their rights to their long-used trademarks, battling against the Defendant since early 2002.[3]

The doctrine of laches is not applicable and does not bar Count II of the Complaint.

### E.    The Plaintiffs' Claim of Fraud on the PTO Is Ripe

Count III of the Complaint, fraud on the PTO under 15 U.S.C. § 1120, is ripe for determination. The Trademark Office's Trademark Trial and Appeal Board ("T.T.A.B.") has repeatedly found that allegations of fraud on the PTO in procuring a registration can be asserted prior to the registration of the mark. *See Hurley International LLC v. Paul and Joanne Volta*, Opposition No. 91/158,304, 2007 T.T.A.B. LEXIS 10, 82 U.S.P.Q.2d 1339 (Jan. 23, 2007), and *Metromedia Steakhouses, Inc. v. Pondco II Inc.*, Opposition No. 87,032, 1993 T.T.A.B. LEXIS 29, 28 U.S.P.Q.2d 1205, *10-11 (T.T.A.B. July 6, 1993). *See also Robert Burton Associates, Ltd. v. DRL Enterprises, Inc.*, Opposition No. 91/158,493, 2005 T.T.A.B. LEXIS 102 (T.T.A.B. Mar. 3, 2005); *Evenpro Marketing Group Inc. v. Santiago A. Otero*, Opposition No. 91/153,725, 2005 T.T.A.B. LEXIS 8 (T.T.A.B. Jan. 6, 2005); *Louis E. Bondurant Revocable Trust v. Varn Products Company, Inc.*, Opposition No. 91/118,737, 2002 T.T.A.B. LEXIS 278 (T.T.A.B. Mar. 30, 2001); and *Haldex Brake Corporation and Haldex Brake Products Limited v. Akram Zirky*, Opposition No. 91/160,715, 2006 T.T.A.B. LEXIS 388 (T.T.A.B. Sept. 5, 2006).[4]

---

[3] The Defendant also asserts that "[d]elay beyond the limitations period is presumed to create laches." (Dkt. 4, p. 5.) As noted above, this argument results in the conclusion that laches is, at the least, not applicable in regard to the infringing activity in North Dakota, where the statute of limitations is actually six years.

[4] These cases are offered to demonstrate the repeated consideration of "fraud on the Office" claims by the T.T.A.B. These cases are not cited for their holdings, particularly as they are not citable as precedent of the T.T.A.B.

Further, the Plaintiffs note that the Defendant's application has received a Notice of Allowance and will issue as a registration once the Defendant provides an acceptable statement of use and specimen. Fraud on the PTO "involves a willful withholding from the [PTO] *by an applicant* or registrant of material information which, if disclosed to the [PTO], would have resulted in *disallowance* of the registration sought." *CDS, Incorporated v. I.C.E.D. Management, Inc.*, Concurrent Use No. 94/001,250, 2006 T.T.A.B. LEXIS 243, **39, 80 U.S.P.Q.2d 1572 (T.T.A.B. July 6, 2006) (emphasis added). The time for the PTO to "disallow" the registration of Defendant's application, based on the Defendant's fraud pled in the Complaint, has passed.

The Plaintiffs' claim of fraud on the PTO is ripe and should not be dismissed.[5]

## IV.    CONCLUSION

Trademark infringement is a continuing tort. Therefore, the statute of limitations can bar only the scope of damages and not the Plaintiffs' right to bring Counts II, IV, and V. Count III, fraud on the PTO, is also not barred because the count is commonly brought in instances where the application in question has reached the stage of examination the Defendant's application now

---

[5] The Defendant has relied solely on the issue of ripeness and does not argue that the Plaintiffs failed to state properly a claim of fraud. Therefore, the Plaintiffs will not address the sufficiency of their pleadings at this time.

enjoys. The Plaintiffs' respectfully request that the Defendant's Motion to Dismiss Counts II, III,

IV, and V be denied.

Respectfully submitted,

August 24, 2007                          /s/ Paul Grandinetti
                                         Paul Grandinetti
                                         D.C. Bar No. 384,996
                                         LEVY & GRANDINETTI
                                         South Tower, Suite 750
                                         1120 Twentieth Street, N.W.
                                         Washington, D.C. 20006-1419
                                         Telephone (202) 429-4560
                                         Facsimile (202) 429-4564

                                         ATTORNEY FOR PLAINTIFFS
                                         TERRY P. GAUDREAU AND
                                         TNT FIREWORKS INC.

10

## CERTIFICATE OF SERVICE

I certify that a copy of PLAINTIFFS' MEMORANDUM IN OPPOSITION TO

DEFENDANT'S MOTION TO DISMISS COUNTS II, III, IV, and V was filed this date

electronically.  Notice of this filing will be sent by e-mail to the following counsel for the

Defendants by operation of the Court's electronic filing system:

        Tracy-Gene G. Durkin
        Donald R. Banowit
        STERNE, KESSLER GOLDSTEIN & FOX P.L.L.C.
        1100 New York Avenue, NW
        Washington, DC 20005

        Ralph. W. Kalish, Jr.
        R. Prescott Sifton, Jr.
        BLACKWELL SANDERS LLP
        720 Olive Street, Suite 2400
        St. Louis, Missouri 63101


August 24, 2007 _____                /s/  Paul Grandinetti _____
Date                                Paul Grandinetti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY P. GAUDREAU et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01122 ESH |
| | ) | |
| AMERICAN PROMOTIONAL EVENTS, INC., | ) | |
| and | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED]**
**ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS COUNTS II, III, IV, AND V**

This matter came before the Court on motion of the Defendant American Promotional

Events, Inc., to dismiss Counts II, III, IV, and V of the Plaintiffs' Complaint. The Court, having

considered the motion and the Plaintiffs' response thereto, ORDERS that the Defendant's motion

is DENIED.

IT IS SO ORDERED.

Dated this _____ day of _____ 2007.


_____
ELLEN S. HUVELLE
UNITED STATES DISTRICT JUDGE