IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br>                                         ) <br> AMERICAN PROMOTIONAL EVENTS, ) <br> INC. et al. ) <br> ) <br>     Defendants. ) <br> ) | No.  1:07-CV-01122 ESH |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC.'S MOTION TO DISMISS COUNTS II, III, IV AND V**

Contrary to the inapplicable authority cited in Gaudreau's opposition memorandum, his excessive delay in bringing his claims for state law trademark infringement and Lanham Act false designation of origin bar his claims.  Gaudreau also cannot claim American fraudulently procured a trademark registration that has not been issued.  Counts II through V of Gaudreau's Complaint must therefore be dismissed.

**FACTUAL BACKGROUND**

Gaudreau admits he has been aware of American's rights in and use of the mark TNT FIREWORKS in connection with the sale of fireworks for at least twelve (12) years, if not longer.  He claims to have purchased such fireworks from American for resale since 1988 or 1995.  *Complaint*, ¶¶ 13, 15.  He also admits American began selling in North Dakota and Montana at least as early as 2003.  *Id*. ¶ 24.  Yet Gaudreau has never before now brought any claim for trademark infringement or false designation of origin against American, sitting idly by as American continued to use its long-standing marks throughout the United States.  Under the

STLD01-1350245-1

facts admitted in Gaudreau's Complaint and the applicable law, his claims are barred by his excessive delay in seeking to enforce whatever rights in TNT FIREWORKS he claims to have.

American's rights in and use of TNT FIREWORKS in connection with the sale of fireworks are indeed extensive. American has used the mark TNT FIREWORKS for decades and has incontestable rights in the mark TNT in conjunction with fireworks. Its incontestable USPTO registrations include No. 860,365 for the mark TNT THE NITE THEATRE and No. 1,486,863 for the mark TNT for fireworks, based on a date of first use in commerce of June 1, 1966. American also owns Registration No. 2,748,723 for the mark TNT 500 for fireworks, as well as Application Serial No. 78/206944 for IF ITS NOT TNT, ITS NOT FIREWORKS for fireworks as well as wholesale and retail store services in the field of fireworks, which application has been allowed by the PTO. American holds the rights to all of these marks. Gaudreau never opposed or challenged American's rights in any of these registrations.

## ARGUMENT AND AUTHORITIES

I.    **PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED AS TIME-BARRED.**

    A.    **The Montana Period of Limtiations Lapsed before Gaudreau Obtained his Montana Registration.**

Gaudreau defends American's motion to dismiss his Montana claim based on the statute of limitation by admitting he had no cause of action against American until October 2006, when he received a registration for TNT FIREWORKS by the State of Montana. Gaudreau cannot have it both ways: he cannot claim he had no cause of action prior to October 2006 while attempting to recover damages for infringement Gaudreau allegedly discovered as early as 1995. Gaudreau's excessive delay bars his Montana statutory claim.

The Montana trademark statute allows owners of unregistered marks to bring a claim for infringement. *See* Montana Code Ann. § 30-13-336; **Am. Motors Co. v. DeGeorge**, 425 P.2d 338 (1967). Gaudreau did not, as he seems to claim now, need to wait to get a Montana registration in order to have a cause of action under Montana law. Gaudreau's delay in obtaining the registration should not excuse his failure to pursue his purported claims against American that he has known about for at least twelve years.

The Court should hold the three-year period of limitations bars Gaudreau's Montana statutory claim. If it does not do that, the Court should at the very least grant Gaudreau his wish and hold that any recovery to be had under Count IV shall be limited to any infringement occurring after Gaudreau registered TNT FIREWORKS as a Montana trademark in October 2006. Indeed, the statutory provision Gaudreau relies on states that only "[a]n **owner** of a mark registered under this part may proceed by suit . . ." Montana Code Ann. § 30-13-335 (emphasis added). Gaudreau did not own a Montana registration until October 2006, and cannot recover for infringement under Montana statute for alleged infringement occurring before that date.

**B.     A Three-Year Period of Limtiation Applies Under North Dakota Law.**

Gaudreau argues the Court ought to apply a "straightforward reading" of North Dakota statute in determining the applicable statute of limitation rather than the reading given by the Supreme Court of North Dakota. This Court is bound by the Supreme Court of North Dakota's interpretation of North Dakota statute. *See* **Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.**, 944 F. 2d 940, 944 (D.C. Cir. 1991), *citing* **Erie R. Co. v. Tompkins**, 305 U.S. 64, 58 S.Ct. 817 (1938); *see also* **Ickes v. Gazzam**, 83 F.2d 603, 605 (D.C. Cir. 1936) ("We take judicial notice of the statutes of the several states, and, by well-established rule, we are bound by the decisions of the highest courts of the states in the interpretation of their own statutes.").

Gaudreau cites no North Dakota authority for his claim that the limitation period set forth in § 47-25.1 "applies only to trade secrets" and makes no effort to distinguish the Supreme Court of North Dakota's holding in **KAT Video Productions, Inc. v. KKCT FM Radio**, 584 N.W.2d 844 (N.D. 1998), that N.D. C.C. §§ 47-22 and 47-25 apply to trademark infringement cases arising under North Dakota law. *See* 584 N.W.2d at 846. Gaudreau instead argues, incorrectly, that the six-year period of limitations set forth in N.D. C.C. § 28-01-16 applies to his common law claim. The statute Gaudreau relies upon pertains only to "[a]n action upon a liability **created by statute**." *Id*. (emphasis added). Gaudreau ignores that he labeled his North Dakota claim one for "Common-Law Infringement," not violation of some North Dakota statute. *See Complaint*, Ct. V. The six-year limitation period provided in N.D. C.C. § 28-01-16 does not apply to Gaudreau's claim because Gaudreau's claim does not arise out of a North Dakota statute.

      C.    **No Applicable Authority Holds that Trademark Infringement is a Continuing Tort Under Montana or North Dakota Law.**

No Montana or North Dakota authority allows Gaudreau to proceed with his state law trademark infringement claims more than twelve years after he first learned of American's claim of right and more than four years after he admits American began selling fireworks in Montana and North Dakota. Gaudreau even admits that no Montana or North Dakota case holds trademark infringement constitutes a continuing tort for statute of limitation purposes. *See* Doc. 8 at 2.

The cases Gaudreau relies upon fail to provide even scant support for his contention. Many of the cases Gaudreau cites do not consider whether a trademark infringement claim is barred by the statute of limitations, including **Brusnwick Corp. v. Spirit Reel Co.**, 832 F.2d 513, 526 (10th Cir. 1987) (considering whether damages could be recovered for infringement

occuring after trial and before judgment); *James Burrough Ltd. v. Sign of the Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir. 1978) (considering laches and estoppel); *Mears v. Montgomery*, 2006 WL 1084347, *12 (S.D. N.Y. Apr. 24, 2006).

Of the cases Gaudreau cites that <u>do</u> consider whether trademark infringement is a continuing tort for purposes of a statute of limitation analysis, the case of *Roehrs v. Conesys, Inc.*, 2005 WL 3454015, *3 (N.D. Tex. Dec. 14, 2005), <u>*declined*</u> to apply the continuing tort doctrine to defeat a statute of limitations defense and dismissed the infringement claim. The case of *Underwater Storage, Inc. v. U.S. Rubber Co.*, 171 F.2d 950 (D.C. Cir. 1966), upon which Gaudreau appears to place greatest reliance, involved trade secrets misappropriation rather than trademark infringement and did not arise under Montana or North Dakota law. The same is true for cases cited by Gaudreau that arise under New York law, such as the unreported case of *Greenlight Capital, Inc. v. Greenlight (Switzerland) S.A.*, 2005 WL 13682 (S.D. N.Y. Jan. 3, 2005). *Underwater Storage* and *Greenlight* are thus no more controlling in this context than any other case Gaudreau cites.

Even if the Court were to apply the continuing tort doctrine in this instance, the issue of whether a three or six year period of limitations applies under North Dakota law must still be decided. As Gaudreau admits, the scope of his claim is limited by the period of limitations even if it is not altogether barred by it.

II. **GAUDREAU'S FALSE DESIGNATION OF ORIGIN CLAIM MUST BE DISMISSED ON LACHES, NOT STATUTE OF LIMITATION, GROUNDS.**

As a matter of public record, American's rights date at least as far back as 1966 by virtue of its incontestable registration Nos. 860,365 for TNT THE NITE THEATRE and 1,486,863 for the mark TNT for fireworks. Gaudreau claims to have used American as a supplier of fireworks,

and admits American was using its TNT FIREWORKS mark in commerce in North Dakota and Montana as early as 2003. *Complaint*, ¶¶ 15, 24. In this lawsuit Gaudreau has, for the first time, claimed American's use of the mark TNT FIREWORKS violates the Lanham Act by virtue of his claim of trademark rights. By virtue of the allegations in the Complaint, the doctrine of laches bars Gaudreau's Lanham Act claim as a matter of law.

Gaudreau spends a page of his opposition rebutting an argument that American is not even making, claiming "the statute of limitations for Count II, false designation of origin, has not run." *See* Doc. 8 at 6 – 7. Count II does not make a state law claim to which either a Montana or North Dakota limitation period could apply, but instead claims American has engaged in false designation of origin in violation of 15 U.S.C. § 1125(a). No statute of limitations exists.

Gaudreau fails to dispute that laches, and the prejudice it requires, is presumed where the claim is not brought within the analogous limitations period. "The same period of delay that puts the claims outside the statute of limitations periods establishes presumptive laches." ***Pro-Football, Inc. v. Harjo***, 415 F. 3d 44, 47 (D.C. Cir. 2005), *citing **Jarrow Formluas, Inc. v. Nutrition Now, Inc.***, 304 F.3d 829, 837 (9th Cir. 2002). Such delay "is presumptively prejudicial and unreasonable, creating a rebuttable presumption of laches." ***Nartron Corp. v. Stmicroelectronics, Inc.***, 305 F.3d 397, 409 (6th Cir. 2002). The preceding section addressed Gaudreau's contention that his claims, which he learned of in 1995 and ripened in 2003, were brought within the periods of limitation applying under Montana and North Dakota law. Such claims were not brought within the applicable periods of limitation. Gaudreau's argument that American makes no claim of prejudice is simply wrong: prejudice is presumed as a matter of law where the claimant's delay exceeds the applicable statute of limitation.

Notably, Gaudreau makes no argument that the continuing tort doctrine bears on the analysis of whether laches may be presumed under the Lanham Act, and cites no case for that proposition. Indeed, whether trademark infringement is a continuing tort for purposes of determining the period of limitation should not bear on the issue of laches. The doctrine of laches expressly takes into consideration the danger of prejudice to the party whose conduct is being challenged by virtue of the claimant's excessive delay. *See* ***Pro-Football, Inc.***, 415 F.3d at 47 (citation omitted). That prejudice is just as much of a concern for conduct that is occurring in the present as it is for conduct that occurred prior to the look-back of the statute of limitations.

Laches arising out of Gaudreau's excessive delay in pursuing his false designation of origin claim bars the claim.

### III. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR FRAUD ON THE TRADEMARK OFFICE.

Gaudreau's fraud on the office claim essentially argues that notwithstanding its multiple incontestable registrations dating back to 1966 and other registrations for TNT in connection with the use of fireworks, American lacked a good faith basis for asserting it had a claim of priority to the mark TNT FIREWORKS, INC. when it filed its intent to use application in 2000. That claim is not only preposterous on the merits but also dismissable on the pleadings.

American simply cannot be sued for obtaining a trademark registration under false pretenses when no trademark registration has yet been issued. *See* ***Country Mut. Ins. Co. v. American Farm Bureau Fed.***, 876 F.2d 599, 601 (7th Cir. 1989); ***Lennon v. Seaman***, 84 F. Supp.2d 522, 526 (S.D. N.Y. 2000) (copyright). Gaudreau's improperly relies on several U.S.P.Q. cases holding that fraud on the office may be raised in a TTAB *opposition* proceeding.

He cites no authority providing an independent federal district court civil claim for fraud on the office where no registration has issued.

Gaudreau's argument that "[t]he time for the PTO to 'disallow' the registration of Defendant's application, based on the Defendant's fraud pled in the Complaint, has passed" is extremely disingenuous – **Gaudreau never raised fraud on the office in the trademark opposition proceeding giving rise to this lawsuit**. Doc. 8 at 9. This Court may take judicial notice of the TTAB's files, which demonstrate that very point.

Gaudreau last raises a red herring regarding the PTO's issuance of a Notice of Allowance in American's application for the mark TNT FIREWORKS, INC., after American filed this Motion to Dismiss. That Notice of Allowance, in addition to being outside the pleadings and therefore beyond the Court's purview for this Motion to Dismiss, would be of no significance even if Gaudreau had pled it. American still does not have a registration for the mark at issue, and Gaudreau has not pled otherwise. In fact, now that this Court has assumed jurisdiction over the controversy by virtue of Gaudreau's appeal, the PTO had no jurisdiction over the matter that would allow it validly to issue the Notice of Allowance. Section 806 of the Trademark Trial and Appeal Board Manual of Procedure specifically indicates the TTAB is to send the subject application "to the appropriate section of the Office of the Office for further action, such as, issuance of notice of allowance" only when the proceeding "has been finally terminated (that is, when the time for filing an appeal from a decision of the Board determining the case has expired, and no appeal has been filed, or when appeals filed have been determined)." Gaudreau cites no contrary authority.

American has not procured a trademark registration, so it could not have "procure[d] registration in the [PTO] of a mark by false or fraudulent means" as required to support a claim under 15 U.S.C. § 1120. See *Country Mut.*, 876 F.2d at 601.

## CONCLUSION

Gaudreau's Montana and North Dakota statutory actions are barred as not brought within the applicable three-year period of limitations and must be dismissed. Gaudreau's 28 U.S.C. § 1125(a) false designation of origin claim is barred by laches due to Gaudreau's excessive delay in bringing his claim. Gaudreau fails to state a claim for a 15 U.S.C. § 1120 action based on alleged "fraud on the office" of the USPTO because, on the face of Gaudreau's pleading, the USPTO has not issued American a registration for the mark at issue.

Dated: September 6, 2007              RESPECTFULLY SUBMITTED,


                                      /s/ Tracy-Gene G. Durkin
                                   By:_____
                                      Tracy-Gene G. Durkin (D.C. Bar No. 421204)
                                      Donald R. Banowit (D.C. Bar No. 463976)
                                      Sterne, Kessler, Goldstein & Fox P.L.L.C.
                                      1100 New York Avenue, N.W.
                                      Washington, DC 20005
                                      Telephone: (202) 371-2600
                                      Facsimile: (202) 371-2540

                                      Ralph W. Kalish, Jr. (pro hac vice)
                                      rkalish@blackwellsanders.com
                                      R. Prescott Sifton, Jr. (pro hac vice)
                                      rsifton@blackwellsanders.com
                                      Blackwell Sanders LLP
                                      720 Olive Street, Suite 2400
                                      St. Louis, Missouri 63101
                                      Telephone: (314) 435-6000
                                      Facsimile: (314) 345-6060

                                      *Attorneys for Defendant, American Promotional Events, Inc.*

CERTIFICATE OF SERVICE

    The undersigned certifies that on September 6, 2007 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Paul Grandinetti, Esq. of the law firm Levy & Grandinetti.

                                              /s/ Tracy-Gene G. Durkin
                                                Attorney