UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:07-cv-01122 ESH |
| ) | |
| AMERICAN PROMOTIONAL EVENTS, INC., ) | |
| and ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM REGARDING VENUE**

The Plaintiffs, Mr. Terry P. Gaudreau and TNT Fireworks Inc. (collectively, the "Plaintiffs"), submit this Memorandum Regarding Venue in response to the Court's Order of September 13, 2007. (Dkt. 10.) The Plaintiffs respectfully submit that venue for this matter is proper in this Court under 15 U.S.C. § 1071(b)(4) and 28 U.S.C. § 1391(b).

**I.     STATEMENT OF FACTS**

On February 15, 2002, the Plaintiffs initiated an opposition proceeding in the United States Patent and Trademark Office Trademark Trial and Appeal Board (T.T.A.B.) against the Defendant's trademark application Serial No. 76/090,310. On February 15, 2007, the T.T.A.B. dismissed the opposition with prejudice. The Plaintiffs' request for reconsideration was denied on April 23, 2007. On June 22, 2007, pursuant to 15 U.S.C. § 1071, the Plaintiffs filed the instant action against the Defendant and Does 1-10, specifically identifying Mr. Ronald Knutson as a likely Doe. On September 13, 2007, the Court asked the Parties to submit briefs on the issue of whether venue is proper in the United States District Court for the District of Columbia.

## II.     STATEMENT OF LAW

Appeals to court from a decision of the T.T.A.B. are governed by Section 1071 of the Lanham Act. Appeals from the T.T.A.B. may be made to the U.S. Court of Appeals for the Federal Circuit or by a civil action in U.S. District Court.

An opposition before the T.T.A.B. is an administrative proceeding against the registration of a mark by an "applicant" for registration. An applicant is a "person" or "juristic person" who owns the mark. *See* 15 U.S.C. § 1051(a)(1) through (3). A partnership or association of individuals that claim ownership to a mark typically forms a single "juristic person" as an "applicant." It is possible to have more than one applicant, but most appeals of a T.T.A.B. decision involve a single applicant.

An appeal to district court of a T.T.A.B. decision permits additional counts and parties to be added to the action. The statute identifies one class of adverse party as a

> party in interest **as shown by the records of the Patent and Trademark Office** at the time of the decision complained of . . . .

The statute then identifies another class of adverse party by stating:

> **but any party in interest may become a party to the action.**

After identifying two classes of parties, the statute continues:

> If there be adverse parties residing in a plurality of districts not embraced within the same State, . . . the United States District Court for the District of Columbia **shall** have jurisdiction.

15 U.S.C. § 1071(b)(4) (emphasis added).

The term "shall" in 15 U.S.C. § 1071(b)(4) requires the United States District Court for the District of Columbia to have jurisdiction and venue when, subsequently, there are "adverse parties residing in a plurality of districts." This section of the Lanham Act has also been the

basis for jurisdiction of cases involving a single defendant. *Bell-South Intellectual Property Corporation v. VCS Technologies, Inc.*, 2004 U.S. Dist. LEXIS 22739 (D.D.C. Oct. 29, 2004).

Further, 15 U.S.C. § 1071(b)(4) is applicable because there are multiple defendants in this matter, Does 1-10. The Plaintiffs intend to name at least one Doe but anticipate naming additional Does after discovery commences and additional information is obtained. The Plaintiffs have identified Mr. Ronald Knutson as an intended named defendant. Mr. Knutson resides in North Dakota, a district different from American Promotional Events, which is located in Alabama. This Court has jurisdiction and venue if there are two or more defendants residing in separate districts. *See Cardwell v. Investor's Analysis, Inc.*, 620 F. Supp. 1395, 1397 (D.D.C. 1985).

The general rules governing federal jurisdiction and venue, including 28 U.S.C. § 1391(b), do not apply when 15 U.S.C. § 1071(b)(4) is applicable. *See Cardwell*, 620 F. Supp. at 1398. Section 1391(b) itself states that it is applicable only "except as otherwise provided by law." Since 15 U.S.C. § 1071(b)(4) is applicable in this case, an analysis of venue under 28 U.S.C. § 1391(b) is unnecessary.

### III. ARGUMENT

Mr. Knutson was a former business associate of the Plaintiff, Mr. Gaudreau. Mr. Gaudreau learned that Mr. Knutson, without Mr. Gaudreau's prior knowledge or permission, sold "apparent rights" to Mr. Gaudreau's TNT FIREWORKS mark and business name to the Defendant, American Promotional Events, Inc.

Mr. Knutson is a "party in interest" in this civil action and a necessary party to this action. Mr. Knutson is understood to have committed business torts and fraud against Mr. Gaudreau. Fraud must be pled with particularity.

The Plaintiffs were cautious not to name Mr. Knutson as a defendant at the time of the filing of the Complaint because discovery is necessary to determine with particularity the exact acts of his tortious and fraudulent behavior in this matter. Since discovery may not begin until after the Rule 26(f) conference, the Plaintiffs anticipated commencing the appropriate discovery at that time and then pleading one or more counts against Mr. Knutson with particularity in an amended complaint. FED. R. CIV. P. 26(d).

Mr. Knutson is a proper party to this matter. Jurisdiction and venue without question lie in this District. In light of the Court's recent Order, the Plaintiffs ask leave of Court to commence limited discovery prior to the Rule 26(f) conference to obtain details of Mr. Knutson's tortious and fraudulent behavior so as to name him as a defendant. The Plaintiffs believe that this necessary discovery can be conducted through a short deposition which counsel for the currently named Defendant can attend by telephone or video conference.

## IV. CONCLUSION

Venue for this matter is properly found in this Court under 15 U.S.C. § 1071(b)(4). Further, at least Mr. Knutson, a resident of a state different from that of the currently named Defendant, is also a defendant in this matter.

Respectfully submitted,

September 24, 2007
Date

/s/ Paul Grandinetti
Paul Grandinetti
D.C. Bar No. 384,996
LEVY & GRANDINETTI
South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a copy of PLAINTIFFS' MEMORANDUM REGARDING VENUE was filed this date electronically. Notice of this filing will be sent by e-mail to the following counsel for the Defendants by operation of the Court's electronic filing system:

>   Ms. Tracy-Gene G. Durkin
>   Mr. Donald R. Banowit
>   STERNE, KESSLER GOLDSTEIN & FOX P.L.L.C.
>   1100 New York Avenue, N.W.
>   Washington, D.C. 20005
>
>   Mr. Ralph. W. Kalish, Jr.
>   Mr. R. Prescott Sifton, Jr.
>   BLACKWELL SANDERS LLP
>   720 Olive Street, Suite 2400
>   St. Louis, Missouri 63101

September 24, 2007             /s/ Paul Grandinetti
Date                           Paul Grandinetti