UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN PROMOTIONAL EVENTS, INC., )<br>    and )<br>DOES 1-10, )<br>)<br>Defendants. ) | No. 1:07-cv-01122 ESH |

## PLAINTIFFS' MOTION FOR EARLY LIMITED DISCOVERY

The Plaintiffs, Mr. Terry P. Gaudreau and TNT Fireworks Inc. (collectively, the "Plaintiffs"), request leave of Court to conduct limited discovery before initial disclosures under FED. R. CIV. P. 26(a)(1) are due. The Plaintiffs believe that the limited discovery will resolve any concerns of the Court regarding venue for this matter. Limited discovery is required in order to plead with particularity the tortious and fraudulent acts of at least Doe No. 1, Mr. Ronald Knutson, a resident of North Dakota.

### DUTY OF COUNSEL TO CONFER
### UNDER LCvR7(m)

This motion is not presented for purposes of delay. Counsel for the Plaintiffs notified counsel for the named Defendant through correspondence on September 23, 2007, of this motion. (Exhibit 1.) Plaintiff's counsel also met and conferred with counsel for the Defendant

by telephone regarding this request for early, limited discovery. Counsel for the Defendant did not consent to this request.

Respectfully submitted,

September 24, 2007
Date

/s/ Paul Grandinetti
Paul Grandinetti
D.C. Bar No. 384,996
LEVY & GRANDINETTI
South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing PLAINTIFFS' MOTION FOR EARLY LIMITED DISCOVERY with supporting MEMORANDUM and DECLARATION OF MR. GAUDREAU was filed this date electronically. Notice of this filing will be sent by e-mail to the following counsel for the Defendants by operation of the Court's electronic filing system:

> Ms. Tracy-Gene G. Durkin
> Mr. Donald R. Banowit
> STERNE, KESSLER GOLDSTEIN & FOX P.L.L.C.
> 1100 New York Avenue, N.W.
> Washington, D.C. 20005
>
> Mr. Ralph. W. Kalish, Jr.
> Mr. R. Prescott Sifton, Jr.
> BLACKWELL SANDERS LLP
> 720 Olive Street, Suite 2400
> St. Louis, Missouri 63101

September 24, 2007                                /s/ Paul Grandinetti
Date                                              Paul Grandinetti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN PROMOTIONAL EVENTS, INC., )<br> and )<br>DOES 1-10, )<br>)<br>    Defendants. ) | No. 1:07-cv-01122 ESH |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR EARLY LIMITED DISCOVERY

  The Plaintiffs, Mr. Terry P. Gaudreau and TNT Fireworks Inc. (collectively, the "Plaintiffs"), request leave of Court to conduct limited discovery before initial disclosures under FED. R. CIV. P. 26(a)(1) are due. The Plaintiffs believe that the limited discovery will resolve any concerns of the Court regarding venue for this matter. Limited discovery is required in order to plead with particularity the tortious and fraudulent acts of at least Doe No. 1, Mr. Ronald Knutson, a resident of North Dakota.

  Mr. Knutson is a necessary "party in interest" in this civil action. Mr. Knutson has committed business torts and fraud against the Plaintiffs. Early, limited discovery will permit the plaintiffs to plead fraud with particularity against Mr. Knutson and thereby to amend the Complaint to add Mr. Knutson as a named defendant.

I.  STATEMENT OF FACTS

  Mr. Knutson was a former business associate of the Plaintiff, Mr. Gaudreau. Mr. Knutson sold apparent "rights" to Mr. Gaudreau's business name and mark TNT

FIREWORKS to the Defendant, American Promotional Events, Inc. This sale was without Mr. Gaudreau's permission. (Decl. of Mr. Gaudreau, ¶ 7).

Messrs. Gaudreau and Knutson were in a partnership selling fireworks that first used the names "TNT Discount Fireworks" in 1980 and then "TNT Fireworks City" in 1981. The partnership dissolved in late 1984. In about early 1985 Mr. Gaudreau continued his business under the name "TNT Fireworks," and Mr. Knutson continued his business under the name "TNT Fireworks City." (Decl. of Mr. Gaudreau, ¶ 3.)

Mr. Knutson had personal knowledge of Mr. Gaudreau's claim to exclusive rights to the mark TNT FIREWORKS for use on fireworks. Mr. Knutson also had personal knowledge of Mr. Gaudreau's continuous use of this mark in interstate commerce. (Decl. of Mr. Gaudreau, ¶ 5.)

Mr. Knutson sold rights to the name and mark TNT FIREWORKS to American Promotional Events, Inc., or a related company. At the time of this sale, Mr. Knutson was well aware that Mr. Gaudreau owned rights to this name and mark. Mr. Gaudreau informed Mr. Knutson of this fact before Mr. Knutson sold his business to American Promotional Events. Mr. Knutson approached Mr. Gaudreau on behalf of American Promotional Events to obtain a waiver of this right before selling the business. (Decl. of Mr. Gaudreau, ¶ 7.)

American Promotional Events now claims exclusive rights to the mark TNT FIREWORKS by virtue of the apparent sale of the name by Mr. Knutson and by its trademark application Serial Number 76/090,310. Mr. Gaudreau's rights to this mark and use of this mark predate any rights or use of the mark by Mr. Knutson or American Promotional Events. (Decl. of Mr. Gaudreau, ¶ 8.)

## II. STATEMENT OF LAW

Federal Rule 26(d) of Civil Procedure permits discovery, before the parties have conferred as required by Rule 26(f) "when authorized . . . by order or agreement of the parties." The Defendant, American Promotional Events, Inc., declined the request of the Plaintiff, Mr. Terry P. Gaudreau, for voluntary early discovery. Under Rule 30, "a party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . a party seeks to take a deposition before the time specified in Rule 26(d)." FED. R. CIV. P. 30(a)(2). Courts apply a reasonable test considering three factors in determining when expedited discovery should be granted. *Dimension Data North America v. Netstar-1 et al.*, 226 F.R.D. 528 (E.D.N.C. 2005). These factors are (1) whether the request is reasonably timed, (2) whether the request is narrowly tailored to obtain relevant information, and (3) whether the movant makes an adequate showing that it will be irreparably harmed by delaying the discovery. *Id.* at 521-32. The order of this Court granting the Plaintiffs's request for limited discovery is consistent with the purpose of Rules 26(f) and 30.

## III. ARGUMENT

At least one of the Defendant Does is Mr. Knutson. Mr. Knutson, barring some extraordinary showing of evidence, will be named as a co-defendant in this civil action. Mr. Knutson is understood to have engaged in business torts and fraud against the Plaintiffs. Therefore, Mr. Knutson is a necessary party to this proceeding.

Document discovery and a brief deposition of Mr. Knutson are necessary in order to plead the matters against him with particularity. The requested early discovery will be limited in scope and not intended to burden Mr. Knutson or the named defendant. It is anticipated that more complete discovery will be taken from Mr. Knutson during this proceeding. Therefore, the

Plaintiffs will arrange for counsel for the named defendant to attend the early deposition of Mr. Knutson by telephone or videoconference if they so desire.

IV.  **CONCLUSION**

Mr. Knutson is a necessary party. Early discovery of Mr. Knutson is required in order to plead the matters against him with particularity. The Plaintiffs request leave of Court to conduct document discovery and a short deposition of Mr. Knutson before amending the pleadings.

Respectfully submitted,

September 24, 2007
Date

/s/ Paul Grandinetti
Paul Grandinetti
D.C. Bar No. 384,996
LEVY & GRANDINETTI
South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564

**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERICAN PROMOTIONAL EVENTS, INC.,<br>    and<br>DOES 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:07-cv-01122 ESH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF MR. GAUDREAU
IN SUPPORT OF
MOTION FOR EARLY LIMITED DISCOVERY**

I, Terry P. Gaudreau, am president of TNT Fireworks, Inc., having a business address at P.O. Box 508, Williston, North Dakota 58801. I declare as follows.

1. I am the owner of TNT Fireworks, Inc., a corporation of Montana.

2. I have used the mark "TNT" in numerous business names since at least 1980. These business names include "TNT Discount Fireworks" in 1980, "TNT Fireworks City" from 1981 to 1984, "TNT Fireworks" from 1985 to the present, and "TNT Display Fireworks" in 1989. I have also used the names "TNT Speedway," "TNT Entertainment, Inc.," "TNT Trailers," and "TNT Fireworks, Inc."

3. Mr. Ronald Knutson and I were in a partnership selling fireworks that first used the mark TNT at least as early as 1980. This partnership used the names TNT Discount Fireworks and TNT Fireworks City as identified above. Our first use of this mark in interstate commerce for the sale of fireworks occurred at least as early as 1981. We dissolved our partnership in late 1984. In 1985, I continued my business under the name "TNT Fireworks," and Mr. Knutson continued his business under the name "TNT Fireworks City." Therefore, I first used the mark

TNT FIREWORKS at least as early as 1985 and claimed exclusivity to this name and mark. The use of this mark by me in interstate commerce also occurred in 1985 to the present.

4. Mr. Knutson is a resident of Bismark, North Dakota. I continue to have communications with Mr. Knutson's family.

5. Mr. Knutson, initially through our friendship and then through our long business association, had personal knowledge, before and after we separated our business association, of my claim to exclusive rights to the mark TNT FIREWORKS for use on fireworks. Mr. Knutson also had personal knowledge of my continuous use of this mark in interstate commerce and has personal knowledge of my ongoing use of this mark while he operated under "TNT Fireworks City" simultaneously for a period.

6. Mr. Knutson in about 1990-91, without my prior knowledge, incorporated a business in North Dakota by the name "TNT Fireworks, Inc." Mr. Knutson and I previously separated our business association as explained above, but Mr. Knutson knew that I conducted business as TNT Fireworks. I did not learn of this action by Mr. Knutson until about 2001. This action by Mr. Knutson prevented me from incorporating under my business name "TNT Fireworks" in North Dakota.

7. Mr. Knutson sold rights to the name and mark TNT FIREWORKS to American Promotional Events, Inc., or a related company. At the time of this sale, Mr. Knutson was well aware that I owned rights to this name and mark, and he, as well as American Promotional Events, knew I claimed this right. I know this statement to be true because Mr. Knutson approached me on behalf of himself and American Promotional Events to sign a declaration waiving this right before he sold his business to American Promotional Events.

8. American Promotional Events now claims exclusive rights to the mark TNT FIREWORKS by virtue of its trademark application Serial Number 76/090,310. My rights to this mark and use of this mark predate any rights or use of the mark by Mr. Knutson or American Promotional Events.

9. Any adoption of the name and mark TNT FIREWORKS and sale by Mr. Knutson of rights to the name and/or mark TNT FIREWORKS were tortious and are believed by me to be fraud. I require information from Mr. Knutson before I can detail with particularity the date, scope, and specifics of this tortious and fraudulent activity. This information will include documents and/or statements from Mr. Knutson regarding his representations during the sale of his business to American Promotional Events.

10. I and my business have been damaged by the tortious and fraudulent activity of Mr. Knutson.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SEPT. 24th 2007
Date

TERRY P. GAUDREAU

3

```
***********************
***  TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                    2038
CONNECTION TEL                      13143456060
CONNECTION ID
ST. TIME                    09/23 14:50
USAGE T                     00'30
PGS.                        1
RESULT                      OK
```

**LEVY & GRANDINETTI**
South Tower, SUITE 750
1120 Twentieth Street, N.W.
WASHINGTON, D.C. 20036

TELEPHONE: (202) 429-4560
FACSIMILE: (202) 429-4564
E-MAIL: mail@levygrandinetti.com

September 23, 2007

<u>**VIA FACSIMILE AND FIRST CLASS MAIL**</u>

Mr. Ralph W. Kalish
BLACKWELL SANDERS LLP
720 Olive Street, Suite 2400
St. Louis, Missouri 63101

      Re: *Terry P. Gaudreau and TNT Fireworks, Inc. v.*
        *American Promotional Events, Inc.*
        Civil Case No. 1:07-cv-01122 (ESH) (D.D.C.)
        Our Ref.: MSM-TNT

Dear Mr. Kalish,

  We are preparing our memorandum to the court regarding venue. We will ask for leave of court to depose Mr. Ronald Knutson prior to our naming him as a co-defendant in the above-identified civil action. We ask that you stipulate to this request for leave of court.

  We ask that you provide your response by facsimile or e-mail on Monday, September 24, 2007. Otherwise, we will file the motion. This is your opportunity to meet and confer regarding this motion.

  If you have any questions or comments, please do not hesitate to contact us.

          Sincerely yours,

          *[signature]*    Exhibit 1

**LEVY & GRANDINETTI**

South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, D.C. 20036

TELEPHONE: (202) 429-4560
FACSIMILE: (202) 429-4564
E-MAIL: mail@levygrandinetti.com

September 23, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Mr. Ralph W. Kalish
BLACKWELL SANDERS LLP
720 Olive Street, Suite 2400
St. Louis, Missouri 63101

          Re:    *Terry P. Gaudreau and TNT Fireworks, Inc. v. American Promotional Events, Inc.*
                 Civil Case No. 1:07-cv-01122 (ESH) (D.D.C.)
                 Our Ref.:  MSM-TNT

Dear Mr. Kalish,

      We are preparing our memorandum to the court regarding venue. We will ask for leave of court to depose Mr. Ronald Knutson prior to our naming him as a co-defendant in the above-identified civil action. We ask that you stipulate to this request for leave of court.

      We ask that you provide your response by facsimile or e-mail on Monday, September 24, 2007. Otherwise, we will file the motion. This is your opportunity to meet and confer regarding this motion.

      If you have any questions or comments, please do not hesitate to contact us.

                                      Sincerely yours,

                                      Paul Grandinetti

PG:elb

cc:    Mr. T. Gaudreau
        Ms. T. Durkin

Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN PROMOTIONAL EVENTS, INC., )<br>and )<br>DOES 1-10, )<br>)<br>Defendants. ) | No. 1:07-cv-01122 ESH |

[PROPOSED] ORDER IN SUPPORT OF
PLAINTIFFS' MOTION FOR EARLY LIMITED DISCOVERY

This matter came before the Court on motion of the Plaintiffs for early limited discovery of Mr. Ronald Knutson. The Court, having considered the motion and any opposition thereto, ORDERS that the motion is

GRANTED and that Plaintiffs may request documents and depose Mr. Knutson.

**IT IS SO ORDERED.**

_____          _____
Date                                                             UNITED STATE DISTRICT JUDGE