IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY P. GAUDREAU et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN PROMOTIONAL EVENTS,<br>INC. et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:07-CV-01122 ESH<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC.'S MEMORANDUM
OF LAW REGARDING PROPRIETY OF VENUE IN THIS COURT**

    Venue is proper in this Court as to Counts I and III of Plaintiffs' Complaint, in that defendant American Promotional Events, Inc. ("American"), the sole defendant named in those counts, has waived any objection it might otherwise have to personal jurisdiction or venue in this Court. Although venue for Plaintiffs' trademark infringement claims (Counts II, IV and V) may be improper in this Court in the first instance due to the presence of the "Doe" defendants, the Court should exercise pendent venue over such claims given the identity of issues, facts and witnesses between Plaintiffs' registration claims and the infringement claims. Alternatively the Court should simply dismiss the "Doe" defendants from the lawsuit.

**FACTUAL AND PROCEDURAL BACKGROUND**

    This case arises out of the Trademark Trial and Appeal Board's ("TTAB") dismissal with prejudice of Plaintiffs' opposition to American's application to register the service mark TNT FIREWORKS, INC. for distributorship services for fireworks. Plaintiffs filed Count I of this action against American only as an appeal of that ruling pursuant to 15 U.S.C. § 1071(b). Count III also names American alone and alleges it committed a fraud on the trademark office in connection with the trademark application at issue. Counts II, IV and V name not only American

but other "Does" and pertain to alleged false designation of origin in violation of the Lanham Act and trademark infringement claims under North Dakota and Montana state law.

American filed an Answer and affirmative defenses to Count I.  Improper venue in this Court was not among the defenses raised by American to Count I.  American moved to dismiss Counts II through V pursuant to FED. R. CIV. P. 12(b)(6) based on the applicable statutes of limitation, the doctrine of laches and/or failure to state a claim.  American did not move to dismiss any count of the Complaint for improper venue pursuant to FED. R. CIV. P. 12(b)(3).  The Court has now expressed the concern that venue may not be appropriate in the District of Columbia.  For the reasons set forth below, this Court should retain venue of all claims against American and/or dismiss the claims against the "Doe" defendants.

## ANALYSIS AND AUTHORITIES

"For a federal court to hear a case or controversy, venue must be proper for *each* claim." **Boggs v. U.S.**, 987 F. Supp. 11, 17 (D. D.C. 1997) (citation omitted).  For the reasons set forth below, venue in this Court is proper for Counts I and III, and venue for Counts II, IV and V is left to the Court's discretion.

I.  **VENUE FOR COUNTS I AND III IS PROPER PURSUANT TO 28 U.S.C. § 1391(b)(1).**

Counts I and III, an appeal of a determination by the TTAB and a fraud on the office claim in connection with the same, both name American as the sole defendant.  The "Does" are not a party to Counts I or III, nor were they party to the TTAB opposition proceeding.  Although those facts may cast doubt on whether Plaintiff may predicate venue for Count I upon 15 U.S.C. § 1071(b)(4), that inquiry is immaterial.  Even if § 1071(b)(4) did not provide for venue in this Court with respect to Count I, venue is still proper for both Counts I and III because venue is proper under the general venue statute, 28 U.S.C. § 1391.  *See* **Cardwell v. Investor's Analysis,**

2

*Inc.*, 620 F. Supp. 1395, 1397 – 98 (D. D.C. 1985); ***E. & J. Gallo Winery v. Candelmo***, 192 USPQ 210, 211 (D. D.C. 1976); ***Scotch Whisky Assoc. v. Majestic Distilling Co., Inc.***, 681 F. Supp. 1297, 1302 (N.D. Ill. 1988) (citations omitted).

Section 1391(b)(1) provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state . . ." A corporate defendant such as American is deemed to "reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In this case, American is subject to personal jurisdiction and thus venue in the District of Columbia for Counts I and III if for no other reason than because American has waived any objection it might otherwise have had to personal jurisdiction.

Where a defendant does not "interpose as defenses either improper venue or lack of personal jurisdiction," "[i]t is, of course, elementary that a defense of improper venue or lack of personal . . . jurisdiction is waived unless the defense is asserted in a pre-answer motion (i.e., Rule 12(b)) or in a responsive pleading, *i.e*., the answer or a timely amendment thereto." ***Chatman-Bey v. Thornburgh***, 864 F.2d 804 (D.C. Cir. 1988). Indeed, "[a] defense of lack of jurisdiction over the person [or] improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) it is neither made by motion under this rule nor included in a responsive pleading . . . ." *Id*. American has not pled improper venue or lack of personal jurisdiction as an affirmative defense to Count I of Plaintiffs' Complaint, nor did it move to dismiss Count III on the basis of improper venue or lack of personal jurisdiction.

Venue as to Counts I and III is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)(1). There are no defendants to Counts I and III other than American, and American has waived both improper venue and lack of personal jurisdiction. Plaintiffs have chosen this

Court as the desired forum for these claims, and American has not objected. This Court should therefore retain jurisdiction of the TTAB appeal and grant American's Motion to Dismiss Count III of the Complaint.

**II.   EVEN IF THE COURT CONCLUDES VENUE IS IMPROPER FOR COUNTS II, IV AND V, IT SHOULD EXERCISE PENDENT VENUE OVER SUCH CLAIMS.**

American has also waived any objection it might otherwise have to venue and/or personal jurisdiction with respect to Counts II, IV and V of Plaintiffs' Complaint (the "Infringement Claims"). *See* FED. R. CIV. P. 12(h). American filed no FED. R. CIV. P. 12(b)(3) motion to dismiss the Infringement Claims for improper venue. Such waiver was not inadvertent. Even if the Court concludes venue for the Infringement Claims is improper in this Court notwithstanding American's waiver, the Court should at a minimum exercise pendent venue over such claims. The identity of issues pervading all of Plaintiffs' claims, at least some of which are properly venued here, renders adjudication of all claims in this Court beneficial to judicial economy.

In the interests of candor before the tribunal, American acknowledges that absent the doctrine of pendent venue, venue in the District of Columbia for the Infringement Claims may be improper due to the presence of the "Doe" defendants. To begin with, the special venue statute for appeals of TTAB decisions, 15 U.S.C. § 1071 cannot serve a basis for venue in the District of Columbia for the Infringement claims. That leaves the general venue statute, 28 U.S.C. § 1391(b). Plaintiffs make no allegation that the "Doe" defendants all reside in the same state as American or are "residents" of the District of Columbia pursuant to 28 U.S.C. § 1391(c). Venue thus cannot be established under 28 U.S.C. § 1391(b)(1). Plaintiffs make no allegations that any infringement has occurred in the District of Columbia, precluding establishment of venue under § 1391(b)(2). Nor do the allegations in the Complaint establish that there is no district in which

their Infringement Claims may otherwise be brought.  Venue thus cannot be established pursuant to § 1391(b)(3), either.[1]

Under the doctrine of "pendent venue," however, "a federal court hears claims for which venue is otherwise not proper in the interests of sound judicial economy." **Boggs**, 987 F. Supp. at 17.  Three factors have been listed for consideration "in reviewing the propriety of pendent venue:  1. whether the claims originate from a common nucleus of operative fact[s]; 2. the existence of common issues of proof; and 3. the existence of similar witnesses." *Id*. (citation omitted).  In this instance all three factors support the Court's exercise of pendent venue.  The fundamental issue underlying all claims brought by Plaintiffs is whether American has priority vis-à-vis Plaintiffs to the mark TNT FIREWORKS, INC. for distributorship services for fireworks.  To the extent American enjoys such priority, Plaintiffs' opposition to the registration, claim of fraud on the office and claims of infringement all fail.  The issues of proof and identity of witnesses for the priority issue are precisely the same for both the appeal of the registration ruling and the Infringement Claims.  There is absolutely no sense in litigating the priority issue in more than one courthouse.  Not only would litigating all of Plaintiffs' claims in this Court be in the interests of judicial economy, it would also be in the best interests of both parties.

This Court should therefore exercise venue over the Infringement Claims under the doctrine of pendent venue regardless of whether such claims would be properly venued in this Court in the first instance and grant American's Motion to Dismiss Counts II through V of Plaintiffs' Complaint.  Alternatively, the Court should simply dismiss the "Doe" defendants and grant American's Motion to Dismiss Counts II – V of Plaintiffs' Complaint.

---

[1]    Notably, there is nothing Ron Knutson could say in deposition to impact the propriety of venue in the District of Columbia under 28 U.S.C. § 1391(b).  Nor would his addition as a defendant alter the venue analysis for Counts II, IV and V.  American will thus oppose as unnecessary Gaudreau's motion for leave to take Knutson's deposition at this early stage.

**CONCLUSION**

For the reasons set forth above, venue as to Counts I and III is proper in this Court. Even if venue as to Counts II, IV and V is improper in this Court, the Court should exercise pendent venue over such claims due to the identity of issues between the claims. Alternatively, the Court should dismiss the "Doe" defendants. American respectfully requests such other and further relief as the Court deems appropriate.

Dated:  September 24, 2007                    RESPECTFULLY SUBMITTED,


                                              /s/ Tracy-Gene G. Durkin
                                        By:_____
                                              Tracy-Gene G. Durkin (D.C. Bar No. 421204)
                                              Donald R. Banowit (D.C. Bar No. 463976)
                                              Sterne, Kessler, Goldstein & Fox P.L.L.C.
                                              1100 New York Avenue, N.W.
                                              Washington, DC  20005
                                              Telephone:  (202) 371-2600
                                              Facsimile:  (202) 371-2540

                                              Ralph W. Kalish, Jr. (pro hac vice)
                                              rkalish@blackwellsanders.com
                                              R. Prescott Sifton, Jr. (pro hac vice)
                                              rsifton@blackwellsanders.com
                                              Blackwell Sanders LLP
                                              720 Olive Street, Suite 2400
                                              St. Louis, Missouri  63101
                                              Telephone:  (314) 435-6000
                                              Facsimile:  (314) 345-6060

                                              *Attorneys for Defendant, American Promotional Events, Inc.*

CERTIFICATE OF SERVICE

    The undersigned certifies that on September 24, 2007 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Paul Grandinetti, Esq. of the law firm Levy & Grandinetti.

                                                                                    /s/ Tracy-Gene G. Durkin
                                                                                           Attorney

STLD01-1354697-1